IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSIAN RESEARCH CENTER<br>THE KURCHATOV INSTITUTE<br>1, Kurchatov Square<br>Moscow 123182<br>Russian Federation<br><br>          Plaintiff<br><br>    vs.<br><br>WESTERN SERVICES CORPORATION<br>5705 Industry Lane<br>Frederick, Maryland  21704<br><br>and<br><br>8714 Birkenhead Court<br>Laurel, Maryland 20723-5981<br><br>SERVE:    Alexander L. Adamovich<br>          Registered Agent<br>          8941 Tamar Drive, #101<br>          Columbia, Maryland  21045<br><br>              AND<br><br>GUIA OUTMELIDZE (aka GEORGE UTMEL)<br>5705 Industry Lane<br>Frederick Maryland  21704<br>SERVE:    Guia Outmelidze<br>          (aka GEORGE Utmel)<br><br>          Defendants. | CASE NO: AMD 02 CV3878 |

**ANSWER TO WESTERN SERVICES CORPORATION'S
COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

475190.3

Plaintiff and Counter Defendant Russian Research Center Kurchatov Institute ("KI"), by its undersigned counsel, answers the Counterclaims asserted by Western Services Corporation ("WSC") as follows:

<u>Nature of the Counter-Claim and Third Party Claim</u>

1.   KI denies the allegations of Paragraph 1.

2.   KI admits that only KI and SAIC first began marketing KI's simulation software under the SimPort name in or about 1996. KI denies the remaining allegations of Paragraph 2.

3.   KI denies that WSC developed "new" simulation software in 2000. KI lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 3.

4.   KI denies the allegations of Paragraph 4.

5.   KI admits that it is the owner of SimPort software and that it has granted an exclusive license to GSE Systems, Inc. ("GSE"), to market and distribute the SimPort software in the United States. KI denies the remaining allegations of Paragraph 5.

6.   KI admits that GSE has begun to market KI's simulation software under the SimPort name, coined and owned by KI. The remaining allegations of Paragraph 6 are not allegations of fact to which a response is required pursuant to Fed. R. Civ. P. 8. To the extent such a response may be required, KI denies the remaining allegations of Paragraph 6.

7.   KI admits that it does not possess any alleged WSC technology.  KI denies the implication that it has ever requested permission from WSC to use the SimPort software that KI developed and markets.  KI denies the remaining allegations of Paragraph 7.

8.   KI denies the allegation that the SimPort name is the intellectual property of WSC and that KI needs WSC's permission to use KI's SimPort mark.

9.   KI denies the allegations contained in Paragraph 9.

10.  KI denies the allegation that WSC has any proprietary rights in the SimPort software.  KI denies the remaining allegations contained in Paragraph 10.

11.  The allegations of Paragraph 11 are not allegations of fact to which a response is required pursuant to Fed. R. Civ. P. 8.  To the extent such a response may be required, KI denies the allegations of Paragraph 11.

Original Parties

12.  KI admits the allegations of Paragraph 12.

13.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 and therefore denies the same.

14.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 and therefore denies the same.

### Additional Third Parties

15.  KI admits the allegations of Paragraph 15.

### Jurisdiction

16.  KI admits that the parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  KI denies that the counterclaim has any merit whatsoever.

17.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 and therefore denies the same.

18.  KI admits that venue of this counterclaim is proper. KI denies that the counterclaim has any merit whatsoever.

### The Contractual Relationship Between WSC and KI

19.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 and therefore denies the same.

20.  KI admits the allegations of Paragraph 20.

21.  KI admits that it stated to WSC, in approximately 1996, that it had software sufficient to build a simulation model that could be customized to a particular power plant and that KI wanted to market the software in the United States.  KI admits that it initially called its software AIS-95.  KI denies the remaining allegations of Paragraph 21.

22.  KI denies that it reached an agreement in or about 1996 to jointly market simulation software with WSC.  KI denies that WSC "introduced" KI to SAIC.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 22 and therefore denies the same.

23.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that WSC and SAIC entered into a contractual relationship.  KI denies that WSC agreed to or has directly paid KI any monies in exchange for work performed by KI engineers to customize the Sherco simulation model.  KI denies the remaining allegations of Paragraph 23.

24.  KI denies the allegations contained in Paragraph 24.

25.  KI denies the allegations contained in Paragraph 25.

26.  KI denies the allegations contained in Paragraph 26.

27.  KI denies the allegations contained in Paragraph 27.

28.  KI admits that, while in the United States, engineers employed by KI worked at offices provided by others.  KI denies the remaining allegations of Paragraph 28.

29.  KI denies the allegations contained in Paragraph 29.

30.  KI denies the allegations contained in Paragraph 30.

31.  KI denies the allegations contained in Paragraph 31.

### The Simulation Data Loads

32.  KI denies the allegations contained in Paragraph 32.

33. KI admits that the Sherco, Armstrong and Arnot simulation data loads contain portions of KI's SimPort computer programming code, but denies that any computer programming code was developed by WSC. KI denies the remaining allegations contained in Paragraph 33.

34. KI admits that, when its engineers returned to Russia, they possessed the data loads for Sherco, Armstrong and Arnot, but denies that the data loads were "provided" by WSC. KI denies the remaining allegations in Paragraph 34.

35. KI denies that it used any proprietary information of WSC in any presentations to GSE.

36. KI admits that WSC sent such a letter. KI denies that WSC's assertions had or have any merit whatsoever.

37. KI denies that it has "refused to return the simulation data loads," as WSC is not entitled to the same.

### The Development of WSC's Current SimPort 2000 Software

38. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the Sherco contract was "over-due," or that WSC "desired" to start over with the creation of new and improved simulation software, and therefore denies the same. KI admits that KI and WSC and others entered into a relationship whereby KI provided its employees to implement and develop software, and KI expected to retain its proprietary interests in the software implemented and

developed by KI's engineers, as well as to receive fair consideration from WSC and others for its efforts.

39.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that it would contribute "significant savings" by providing engineers KI employed to WSC, at substantially lower rates than labor available in the United States, or that WSC would provide the majority of funding for the development of software. KI denies the remaining allegations of Paragraph 39.

40.  KI denies the allegations contained in Paragraph 40.

41.  KI denies the allegations contained in Paragraph 41.

42.  KI admits that WSC hired at least five of its engineers to develop simulation software. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 and therefore denies the same.

43.  KI denies the allegations contained in Paragraph 43.

44.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 and therefore denies the same.

45.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 and therefore denies the same.

46.  KI denies the allegations contained in Paragraph 46.

47.  KI admits that WSC has never "granted permission" to KI for use of the simulation software, but KI denies that it has ever requested such permission, or has any need to.  KI admits that it possesses no simulation software wholly developed by WSC, bearing the name SimPort 2000, or otherwise.

### The Current Lawsuit

48.  KI admits the allegations contained in Paragraph 48.

49.  KI denies the allegations contained in Paragraph 49.

50.  KI denies the allegations contained in Paragraph 50.

51.  KI denies the allegations contained in Paragraph 51.

52.  KI denies the allegations contained in Paragraph 52.

53.  KI admits that representatives of KI and GSE attended the industry conference.  KI denies the remaining allegations contained in Paragraph 53.

54.  KI denies that the SimPort mark is the intellectual property of WSC, or that WSC has any other rights therein.  KI admits the remaining allegations contained in Paragraph 54.

55.  KI denies the allegations contained in Paragraph 55.

56.  KI denies the allegations contained in Paragraph 56.

57.  KI denies the allegations contained in Paragraph 57.

58.  KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 and therefore denies the same.

59.  KI denies the allegations contained in Paragraph 59.

60. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 and therefore denies the same.

61. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 and therefore denies the same.

## COUNT I
### (Unfair Competition Pursuant to 15 U.S.C. § 1125(a))

62. KI incorporates herein its answers to Paragraphs 1 through 61.

63. KI denies the allegations contained in Paragraph 63.

64. KI admits that it licensed simulation software to GSE in August 2002, and that, upon information and belief, GSE has made public statements about its rights under this agreement. KI denies the remaining allegations of Paragraph 64.

65. KI denies the implication that it needs WSC's "authorization" to use the SimPort name. KI admits the remaining allegations contained in Paragraph 65.

66. KI denies the allegations contained in Paragraph 66.

67. KI denies the allegations contained in Paragraph 67.

68. KI denies the allegations contained in Paragraph 68.

69. KI denies the allegations contained in Paragraph 69.

## COUNT II
### (Unfair Competition Pursuant to 15 U.S.C. § 1125(a))

70. KI incorporates herein its answers to Paragraphs 1 through 69.

71. KI denies the allegations contained in Paragraph 71.

72. KI denies the allegations contained in Paragraph 72.

73. KI denies the allegations contained in Paragraph 73.

74. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 and therefore denies the same.

75. KI admits that it is not in possession of any software, SimPort 2000 or otherwise, that is owned by WSC. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 75 and therefore denies the same.

76. KI admits that it agreed to license simulation software to GSE in August 2002, and that, upon information and belief, GSE has made public statements about its rights under this agreement. KI denies the remaining allegations of Paragraph 76.

77. KI denies the allegations contained in Paragraph 77.

78. KI denies the allegations contained in Paragraph 78.

79. KI denies the allegations contained in Paragraph 79.

80. KI denies the allegations contained in Paragraph 80.

## COUNT III
### (Tortious Interference)

81. KI incorporates herein its answers to Paragraphs 1 through 80.

82. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 82 and therefore denies the same.

83. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 83 and therefore denies the same.

84. KI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 84 and therefore denies the same.

85. KI denies the allegations contained in Paragraph 85.

86. KI denies the allegations contained in Paragraph 86.

87. KI denies the allegations contained in Paragraph 87.

88. KI denies the allegations contained in Paragraph 88.

89. KI denies the allegations contained in Paragraph 89.

90. KI denies the allegations contained in Paragraph 90.

91. KI denies the allegations contained in Paragraph 91.

## COUNT IV
### (Misappropriation)

92. KI incorporates herein its answers to Paragraphs 1 through 91.

93. KI denies the allegations contained in Paragraph 93.

94. KI denies the allegations contained in Paragraph 94.

95. KI denies the allegations contained in Paragraph 95.

96. KI denies the allegations contained in Paragraph 96.

97. KI denies the allegations contained in Paragraph 97.

98. KI denies the allegations contained in Paragraph 98.

## COUNT V
### (Writ of Replevin)

99. KI incorporates herein its answers to Paragraphs 1 through 98.

100. KI denies the allegations contained in Paragraph 100.

101. KI denies the allegations contained in Paragraph 101.

102. KI admits that WSC has requested return of the data loads, but denies that it has refused to return them, and further denies that it has any obligation to do so.  KI denies the remaining allegations contained in Paragraph 102.

103. The remedies sought in Paragraph 103 are not allegations of fact to which a response is required pursuant to Fed. R. Civ. P. 8.  To the extent such a response may be required, KI denies the allegations of Paragraph 103.

104. The remedies sought in Paragraph 104 are not allegations of fact to which a response is required pursuant to Fed. R. Civ. P. 8.  To the extent such a response may be required, KI denies the allegations of Paragraph 104.

## COUNT VI
### (Declaratory Judgment Action)

105. KI incorporates herein its answers to Paragraphs 1 through 104.

106. KI denies the allegations contained in Paragraph 106.

107. KI admits that a "controversy has arisen between WSC and KI concerning the ownership of the 'SimPort' name, and the ownership of the technology WSC is selling under the SimPort name." KI denies that WSC's position as to the controversy has any merit whatsoever.

108. The allegations of Paragraph 108 are not allegations of fact to which a response is required pursuant to Fed. R. Civ. P. 8. To the extent such a response may be required, KI denies the allegations of Paragraph 108.

### AFFIRMATIVE DEFENSES

1.   The Counter Plaintiff fails to state a claim upon which relief can be granted.

2.   The Counter Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

3.   The Counter Plaintiff's claims are barred by the doctrine of accord and satisfaction.

4.   The Counter Plaintiff's claims are barred by estoppel.

5. The Counter Plaintiff's claims are barred by the doctrine of release.

6. The Counter Plaintiff's claims are barred by the doctrine of waiver.

7. If KI is liable to the Counter Plaintiff, which is denied, any such liability is extinguished in whole or in part by the doctrines of set off and/or recoupment.

8. The Counter Plaintiff's claims are barred by failure of consideration.

9. The Counter Plaintiff's claims are barred by fraud and/or illegality.

10. The Counter Plaintiff's claims are barred by the statute of frauds.

### DEMAND FOR JURY TRIAL

Kurchatov, pursuant to Fed. R.Civ.P. 38(a), demands a trial by jury of all issues triable of right by a jury and raised by the pleadings herein.

                              ___/s/ John M.G. Murphy_____
                              John M.G. Murphy
                              Fed. Bar No: 03811
                              Ober, Kaler, Grimes & Shriver
                              A Professional Corporation
                              120 E. Baltimore St., 8th fl.
                              Baltimore, MD  21202
                              410-685-1120
                              Fax:  410-547-0699

                              Attorneys for Plaintiff
                              Russian Research Center - Kurchatov Institute

OF COUNSEL:
E. Scott Johnson
Ober, Kaler, Grimes & Shriver
120 E. Baltimore St., 8th fl.
Baltimore, MD  21202
410-685-1120
Fax:  410-547-0699

475190.3                              15