```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                       (NORTHERN DIVISION)
```

RUSSIAN RESEARCH CENTER            \*
THE KURCHATOV INSTITUTE,
                                   \*
    Plaintiff/Counterclaim Defendant,
                                   \*
v.
                                   \*
WESTERN SERVICES CORP., et al.,
                                   \*
    Defendant/Counterclaim Plaintiff/
    Third Party Plaintiff,         \*   Civil Action No.:

v.                                 \*   AMD 02-3878

GSE SYSTEMS, INC.,                 \*

    Third Party Defendant.         \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### **PROTECTIVE ORDER OF CONFIDENTIALITY**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 104.13, the Court, for good cause shown, hereby ORDERS as follows:

1. This Protective Order of Confidentiality ("Order") shall govern any deposition testimony, documents, and other discovery materials produced by the parties that constitutes or contains any confidential information as contemplated by Fed. R. Civ. P. 26(c)(7), including but not limited to computer programming source code, and that is designated by a party as "CONFIDENTIAL" (hereafter referred to as "Confidential Information"). This Order does not govern disclosure of any material obtained by any party other than through the discovery process in this case.

2.   Each page of each document containing Confidential Information produced pursuant to this Order will be stamped "CONFIDENTIAL."

3.   All Confidential Information produced or exchanged in the course of this litigation shall be used solely and only as expressly permitted in this Order for the purpose of preparation and trial of this litigation and for no other purpose, and shall not be disclosed to any person other than a Qualified Person.

"Qualified Person," as used in this Order means:

    a.   attorneys of record for the parties in this case and employees of such attorneys to whom it is necessary that the Confidential Information be shown for purposes of this litigation;

    b.   court reporters retained to transcribe deposition testimony in this litigation; and

    c.   experts in this litigation, provided (i) they have been disclosed pursuant to Rule 26(a)(2) and (ii) they have read this Order and signed <u>Exhibit A</u>; and

    d.   experts retained or specifically employed by a party in anticipation of litigation or preparation for trial but who is not expected to be called as a witness at trial, provided (i) they have read this Order and signed <u>Exhibit A</u> and (ii) they are neither a current or former officer, director or employee of any party nor a current or former officer, director or employee of any successor, assign or affiliated entity of any party;; and

   e. attorneys for any non-party who may testify in a deposition and their legal, paralegal and clerical employees, provided they have read this Order and signed <u>Exhibit A</u>.

 In no event shall any Confidential Information be given to officers, directors or employees of the parties.

 All Qualified Persons agree to submit his or her person to the jurisdiction of this Court for the limited purpose of securing compliance with the terms of this Order.

 4. Any party may designate any portion of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within thirty (30) days of the receipt of the transcript.  Notwithstanding the foregoing, all information disclosed at a deposition shall be treated as Confidential Information for a period of thirty (30) days after receipt of the transcript.

 5. At any time, any party, in good faith, may designate as Confidential Information the information which has been previously produced in the event of that party's inadvertent failure to make such a designation earlier.

 6. In the event a party proposes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation under seal, such party making such filing must simultaneously submit a motion and accompanying order pursuant to Local Rule 105.11 which includes (a) proposed reasons supported by specific factual representations to

justify the sealing, and (b) an explanation why alternatives to sealing would not provide sufficient protection. The parties further agree that any Confidential Information ordered by the Court to be filed under seal shall be in a separate envelope marked with the following legend:

**SEALED PURSUANT TO COURT ORDER DATED _____**

The Clerk of Court is directed to maintain under seal all documents and transcripts of deposition testimony and other pleadings ordered by the Court to be filed under seal which have been designated as Confidential Information unless and until the Court orders the Confidential Business Information unsealed.

7. Any party receiving Confidential Information may object in writing to such designation. Thereafter, to preserve such designated status, the designating party shall be obligated to move the Court for an order preserving the designated status of such item within fifteen (15) days of receipt of the written objection, and failure to so move shall constitute a waiver of the status of such item as Confidential Information. In the event the designating party so moves the Court, the involved material shall be treated as Confidential material pending resolution of the motion. On any motion pursuant to this paragraph, the burden shall be on the party seeking confidentiality to justify it under Rule 26(c).

8. Nothing contained in this Order shall prevent the use of Confidential Information at a hearing or at trial or in

depositions, on the condition that any such materials or information shall be disclosed or displayed only upon the implementation of reasonable safeguards to preserve their confidentiality.  If such Confidential Information is used at a hearing or at trial or in depositions, such Confidential Information shall be treated as confidential pursuant to the provisions of this Order.

9. All extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

10. The parties anticipate that it may be necessary to share with officers, directors or employees of a party certain information contained in documents marked Confidential.  Counsel for the parties agree to confer in good faith in an attempt to reach agreement on either the sharing of such documents with officers, directors or employees of a party for purposes of the litigation only, or redaction of Confidential Information in such documents so that the remaining information may be shared with officers, directors or employees of a party without violating the provisions of this Order. The parties reserve the right to seek from the Court modification of this Order in the event that counsel cannot reach agreement on such issues.

11. Nothing in this Order shall prevent any party or other person from seeking enforcement or modification of this Order, from objecting to discovery that it believes to be otherwise improper,

from asserting rights to discovery in any other proceeding, or from contesting the propriety of confidentiality with respect to some or all of the documents produced.  Further, the approval of this Order by this Court does not constitute a determination by this Court that any particular responsive document is adjudged to be confidential.

12.  All Confidential Information shall be returned to the producing party at the conclusion of this action or after a final decision on appeal or appellate review, whichever is later, unless otherwise ordered by this Court.  With respect to any Confidential Information filed with the Court under seal, the clerk may destroy such materials or return them to the producing party.

13.  Nothing in this Order shall be construed as an admission of relevance or to affect in any way the admissibility of any documents, testimony or other evidence in this action.  This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this action.

**SO CONSENTED AND AGREED:**

OBER, KALER, GRIMES & SHRIVER

By: _____/s/_____
    John M.G. Murphy (No. 03811)
    120 East Baltimore Street
    8th Floor
    Baltimore, MD 21202
    (410) 685-1120
    (410) 547-0699 (facsimile)
    *Counsel for Russian Research Center Kurchatov Institute*

WILLIAMS & CONNOLLY LLP

By: _____/s/_____
    Bruce R. Genderson (No. 02427)
    Margaret A. Keeley (No. 15654)
    Ann N. Sagerson
    725 Twelfth Street, N.W.
    Washington, D.C.  20005
    (202) 434-5000
    (202) 434-5029 (facsimile)
    *Counsel for Western Services Corporation and George Utmel*

GORMAN & WILLIAMS

By: _____/s/_____
    Charles L. Simmons Jr. (No. 024278)
    Francis J. Gorman (No. 00690)
    Michael S. Yang (025951)
    Two North Charles Street
    Baltimore, MD 21201
    (410) 528-0600
    (410) 528-0602 (facsimile)

    *Counsel for GSE Systems, Inc.*

**SO ORDERED AND APPROVED** this 4th day of June, 2003.

_____/s/_____
The Honorable Andre M. Davis,
United States District Court
for the District of Maryland

**Exhibit A**

## Confidentiality Agreement

I, _____, understand that certain documents that will be made available to me in connection with the litigation entitled <u>Russian Research Center Kurchatov Institute v. Western Services Corp., et al., v. GSE Systems, Inc.</u>, Case No. AMD 02-3878, pending in the United States District Court for the District of Maryland, contain confidential information and are subject to a Protective Order of Confidentiality entered by the Court on _____.

I have read that Protective Order of Confidentiality, and agree to abide by all its terms, including but not limited to the requirements that:

1. All Confidential Information made available to me shall be used solely and only as expressly permitted in the Protective Order of Confidentiality for the purpose of preparation and trial of this litigation and for no other purpose, and shall not be disclosed to any person other than a Qualified Person;

2. At the conclusion of my involvement in this matter, or at the conclusion of the action, whichever is sooner, all Confidential Information made available to me, as well as all copies, summaries or extracts of such information, shall be returned to the party who made the information available to me.

_____

Executed this ___ day of _____, 2003.