LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

MARGARET A. KEELEY
(202) 434-5137
mkeeley@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 17, 2003

*Via Facsimile & First Class Mail*

Jesse B. Hammock, Esq.
Ober, Kaler, Grimes & Shriver
120 East Baltimore St.
Baltimore, MD 21202
Facsimile: (410) 547-0699

**Re: *KI v. WSC v. GSE***

Dear Jesse:

      We write in response to your letter of June 13, 2003. Thank you for confirming that KI will produce all non-privileged documents in its custody and control that are responsive to Document Requests 1, 2, 4-9, and 11. However, we also inquired about what you were producing in response to Requests 10, 14, 16 and 19. Please clarify your client's position on these Requests as soon as possible.

      With regard to Request No. 13, in the interest of compromise we are willing to narrow the request to seek documents sufficient to identify:

- The legal relationship between KI and InterDCM
- The legal relationship between InterDCM and InterDUM (such as documentation that InterDUM is permitted to conduct business under the name InterDCM, as KI claims in its interrogatory responses).

Please advise whether your client will respond to this narrowed request.



EXHIBIT A

WILLIAMS & CONNOLLY LLP
Jesse B. Hammock, Esq.
June 17 2003
Page 2

      We continue to object to the overbreadth of Request No. 29. First, as we discussed, WSC and SAIC/DS&S have had a five year relationship, during which they have worked on more than twenty projects involving SimPort. It is far from "obvious" that all communications concerning such projects are relevant. Indeed, the majority of communications are of a technical nature that have no bearing on this lawsuit (particularly in light of the fact the software at issue is being produced to you). We have already produced to you all documents relating to the contracts for each of these projects, and all documents relating to the relationship between WSC and SAIC/DS&S concerning SimPort. If you believe any other specific category of documents is also relevant, we will entertain a further, more narrow request that is tailored to such documents.

      With regard to simulation software, although WSC has marketed simulation related software other than SimPort, this letter confirms that WSC has not marketed any software initially bearing the AIS-95 or SimPort mark under any name other than SimPort. Moreover, although WSC is preparing to launch a new product which incorporates SimPort 2000, that product is not yet on the market, and at best would be relevant to damages should you first succeed in proving liability for copyright infringement. Given the proprietary and confidential nature of the new product – and the fact that you will already possess the code for the one portion of it that relates to SimPort – WSC objects to any request that the remaining portions of the program be produced until such time as KI has established infringement.

      Finally, we request that Mr. Malkin be available for deposition on August 11 and 12, and that Mr. Rakitin be available on August 13 and August 14. WSC agrees to pay the cost of coach class airfare from Moscow to Washington, D.C. for these deponents. We will also arrange for an interpreter for the four days of deposition, but request that you respond to our prior proposal that the parties split all costs for interpreters used during discovery.

                             Sincerely,

                               Margaret A. Keeley

cc:    Charles L. Simmons, Jr. Esq.