# OBER | KALER
A Professional Corporation

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

John M. G. Murphy
jmmurphy@ober.com
410-347-7334

Offices In
Maryland
Washington, D.C.
Virginia

June 23, 2003

**VIA FACSIMILE AND**
**U.S. FIRST-CLASS MAIL**

Thomas Olson, Esquire
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037-1420

RE: Russian Research Center, the Kurchatov
    Institute v. Western Services Corporation

Dear Mr. Olson:

I respond to your letter of June 20, 2003.

The referenced case concerns Western Services Corporation's misappropriation of the Kurchatov Institute's ("KI") intellectual property, and its sale of the same, with DS&S and SAIC, to what is apparently a large number of entities across the country. KI is entitled to know what was sold to these entities, what representations were made with respect to the product and its ownership, what updates and additional versions were presented to the customers, and the communications between the selling entity and the customers with respect thereto, among other things. Our subpoenas quite obviously were one effort directed toward developing this evidence.

We accept your suggestion that DS&S and SAIC may have information relevant to this lawsuit, and you can expect subpoenas to be served upon them very shortly. However, particularly under the circumstances of this case, we believe that the finder of fact will greatly benefit from comparing DS&S's and SAIC's anticipated testimony as to its representations and other communications with the customers regarding the infringing software, and that received from

# OBER KALER

Thomas Olson, Esquire
June 23, 2003
Page 2

the customers themselves (among other things). Obviously, there is no way that DS&S and SAIC could present the finder of fact with an accurate and credible comparison of the testimony, and neither could anyone else, unless the purchasing entity's testimony is obtained. Moreover, much of the information sought from the purchasing entities is information only they possess; for example internal communications regarding the software and joint funding information between the purchasing entities and third parties.

Therefore, for these and other reasons, it would be inappropriate of me to agree with you to limit KI's access to evidence that goes to the very heart of the dispute between the parties.

Should you wish to discuss any other aspect of this matter, however, please feel free to give me a call.

Sincerely,

John M.G. Murphy

JMGM/mck

JMM 723132.1 6/20/03 1:44 PM