

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| Russian Research Center<br>The Kurchatov Institute.<br><br>     Plaintiff,<br><br> v.<br><br>Western Services Corp., et al.<br><br>     Defendants. | Case No.: AMD 02-3878 |

**PLAINTIFF RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE'S
RESPONSE TO DEFENDANT WESTERN SERVICES CORPORATION'S
<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff the Russian Research Center, Kurchatov Institute, by its undersigned attorneys, hereby responds to the Defendant's Request for Production of Documents, as follows:

<u>**GENERAL RESPONSES**</u>

 i. As used herein, the terms "Plaintiff" and "KI" shall refer to plaintiff Russian Research Center, the Kurchatov Institute. The term "Defendants" shall refer to defendants Guia Outmelidze ("Outmelidze") and Western Services Corporation ("WSC"). The term "Third Party Defendant" shall refer to third party defendant GSE Systems, Inc., unless the context indicates otherwise.

 ii. Those documents responsive to the Defendant's requests which are considered to contain confidential material or trade secrets will not be produced until such time as a mutually agreeable confidentiality agreement is in place.

481450.1

   iii. The documents responsive to this request will be produced at the offices of counsel for defendant, at a date and time to be determined by counsel.

   iv. Plaintiff objects to each request to the extent that the request invades the work product, attorney/client privileges or the joint-defense privileges. Where documents responsive to a request are covered by one, two or all of these privileges, Plaintiff will supply only a statement of the nature of the documents (i.e., letter, memorandum, graph, etc.), the date of the document, the author of the document and to whom the document is addressed.

   v. Plaintiff will produce only those documents responsive to this request and not privileged which are in their possession, custody or control within the contemplation of Fed.R.Civ.P. 26 and 34.

### REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES

   Request No. 1:   All documents relating to AIS-95, SimPort, SimPort 1997, or SimPort 2000.

   Response No. 1:   The Plaintiff objects to this request to the extent that it seeks documents that are not relevant to the subject matter of this lawsuit, are not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that it is overly broad and unduly burdensome. KI also objects on the grounds that this request seeks documents protected by attorney/client privilege, the attorney work-product privilege and/or the joint-defense privilege. Without waiving these or any other objections, KI states that it will produce non-privileged and responsive documents subject to and at such time as the parties sign the pending confidentiality agreement.

Request Number 13: All documents relating to the legal relationship between KI and InterDCM and/or InterDUM.

Response Number 13: The Plaintiff objects to this request to the extent that it seeks documents that are not relevant to the subject matter of this lawsuit, are not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that it is overly broad and unduly burdensome. KI also objects on the grounds that this request seeks documents protected by attorney/client privilege, the attorney work-product privilege and/or the joint-defense privilege.

Request Number 14: All documents relating to any simulation technology transferred to or shared with WSC, Utmel, SAIC or DS&S including all documents evidencing information and/or technology KI engineers transferred to WSC in the United States and all documents relating to any licenses or other governmental approvals concerning KI's transfer of the information and/or technology to WSC in the United States.

Response Number 14: The Plaintiff objects to this request to the extent that it seeks documents that are not relevant to the subject matter of this lawsuit, are not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that it is overly broad and unduly burdensome and in that it seeks documents not in the custody or control of KI. KI also objects on the grounds that this request seeks documents protected by attorney/client privilege, the attorney work-product privilege and/or the joint-defense privilege. Without waiving these or any other objections, KI states that it will

10

produce non-privileged responsive documents. To the extent that such documents are confidential, they will be produced pursuant to and at such time as the pending confidentiality agreement between the parties is executed.

Request Number 15: All documents relating to the receipt of equipment, including computers, provided to KI or its employees by WSC, Utmel, SAIC or DS&S.

Response Number 15: KI objects to this request in that it seeks documents not in its custody and control. KI will produce any non-privileged responsive documents within its custody and control.

Request Number 16: All documents evidencing the grant of authority to institute legal proceedings against WSC and Utmel, including any Board Resolutions adopted and minutes of any Board Meeting where authorization to institute legal proceedings was discussed.

Response Number 16: The Plaintiff objects to this request to the extent that it seeks documents that are not relevant to the subject matter of this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. KI also objects on the grounds that this request seeks documents protected by attorney/client privilege, the attorney work-product privilege and/or the joint-defense privilege.

Request Number 17: All statements, notes, memoranda, and/or reports prepared by any person whom you expect to call as an expert witness at the trial of this action, and, for each such expert witness, a written report prepared and signed by the witness containing a complete statement of all opinions to be expressed and the basis and reasons therefore, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness,

11

matter of this lawsuit, are not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that it is overly broad and unduly burdensome. KI also objects on the grounds that this request seeks documents protected by attorney/client privilege, the attorney work-product privilege and/or the joint-defense privilege. Without waiving these or any other objections, KI states that it will produce non-privileged responsive documents.

_____
John M/G. Murphy
Fed. Bar No: 03811
Ober, Kaler, Grimes & Shriver
120 E. Baltimore St., 8th fl.
Baltimore, MD 21202
410-685-1120
Fax: 410-547-0699

Attorneys for Plaintiff
Russian Research Center - Kurchatov Institute

OF COUNSEL:

E. Scott Johnson
Ober, Kaler, Grimes & Shriver
120 E. Baltimore St., 8th fl.
Baltimore, MD 21202
410-685-1120
Fax: 410-547-0699