IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE,<br><br>        Plaintiff,<br><br>  v.<br><br>WESTERN SERVICES CORP., et al.,<br><br>        Defendants and<br>        Third-Party Plaintiff,<br><br>  v.<br><br>GSE SYSTEMS, INC.<br><br>        Third-Party<br>        Defendants. | Case No.: AMD 02-3878 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL THE DEPOSITIONS OF TWO PRINCIPAL OFFICERS
<u>OF PLAINTIFF KURCHATOV</u>**

      Kurchatov's Opposition is most noteworthy for what it does *not* say: that although Western agreed to Kurchatov's proposal to provide Messrs. Malkin and Rakitin for 5 days of deposition, to date – *more than two and one-half months after Western first asked for dates* – Kurchatov *still* has not provided counsel with 5 such days, other than a Tuesday through Saturday in July, which was offered *after* Western served its Motion to Compel, and which was incompatible with the schedule of Western's counsel.  Western has made clear to Kurchatov that it would withdraw the current Motion as soon as Kurchatov

provides 5 days when Messrs. Malkin and Rakitin would be available for deposition.[1] Kurchatov's continued failure to accomplish this simple task necessitates that this Motion go forward.

Accordingly, Western respectfully requests that the Court order Kurchatov to provide counsel with 6 days between August 4 and August 25, 2003 for the depositions of Messrs. Rakitin and Malkin.[2]

### WESTERN SIMPLY SEEKS DATES WHEN KURCHATOV'S WITNESSES WILL BE AVAILABLE FOR DEPOSITION

As demonstrated in Western's Opening Memorandum (as well as Kurchatov's Opposition), since April 2003 Kurchatov has offered dates for Messrs. Malkin's and Rakitin's depositions on numerous occasions, and then withdrawn them shortly thereafter. Kurchatov has also vacillated between the number of days it will make Messrs. Malkin and Rakitin available – at times stating each would be available only for one day, despite the need to use interpreters, and at other times stating that each would be available for two and one-half days (although this latter offer came only *after* Western's Motion to Compel was served).

---

[1] Counsel for Western has provided more than 20 days when she is available for these depositions between now and August 25, 2003.

[2] Although counsel for Western was willing to attempt to complete these witnesses' examinations in five days if it would avoid the necessity of involving the Court, Western wishes to ensure that it will have ample time for these examinations, each of which will involve at least some use of an interpreter, by setting aside three days for each witness. Western will nonetheless make every effort to complete the examinations in less than six days.

Kurchatov seeks to divert the Court's attention away from Kurchatov's nearly three months of stonewalling by arguing that it is Western's counsel that has been "unreasonable" in declining one offer which conflicted with her schedule (including a *Saturday* when counsel is scheduled to be in Chicago), and in declining a second offer to depose Messrs. Malkin and Rakitin for 12 *record* hours per day (i.e., at least 14 hours a day), three days in a row.[3]  Western's decline of these two offers was far from "unreasonable."  To the contrary, Western's flexibility and accommodation are demonstrated by counsel's offer to re-arrange her schedule to allow the deposition of one of the witnesses to go forward during the available week days in July, and to schedule the second witness for another time.  Kurchatov declined.[4]

In short, the facts boil down to this:  Kurchatov chose to bring this lawsuit against Western in the District of Maryland, yet has failed to come forth with sufficient dates when it will appear in this District to allow depositions exploring its claims.  Since April of this year, Western has diligently tried to schedule such depositions.  And while Kurchatov has made promise after promise to provide dates for its witnesses' depositions,

---

[3] Kurchatov also portrays counsel as "unreasonable" in wanting to use an interpreter for each question – neglecting to mention that it was Kurchatov's counsel who initially stated that neither Messrs. Malkin or Rakitin would be able to testify in English.  Only *after* the Motion to Compel was filed did Kurchatov's counsel represent that Messr. Rakitin "probably" could testify in English, and that Messr. Malkin would be able understand "some" English, but would need to rely on an interpreter more frequently than Messr. Rakitin.

[4] Kurchatov does not explain why it is "not possible" or "fair" for one of the witnesses to testify during the offered week days in July, and the second witness to be deposed another time.  Kurchatov Opp. at n. 5.

*nearly three months after first requested*, it has not done so.  The fact that Messrs. Malkin and Rakitin reside in Russia may make scheduling difficult, but nearly three months of stonewalling is inexcusable.

         Respectfully submitted,

         WILLIAMS & CONNOLLY LLP

         By:    _____/s/_____
                Bruce R. Genderson (Bar No. 02427)
                Margaret A. Keeley (Bar No. 15654)
                Ann Sagerson (Bar No. 15821)

         725 Twelfth Street, N.W.
         Washington, D.C.  20005
         (202) 434-5000

         *Counsel for Western Services Corporation and George Utmel*

Dated: July 18, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Memorandum in Support of Kurchatov's Motion to Compel was served on the following by facsimile and by FedEx on July 18, 2003:

>John M.G. Murphy, Esq.
>Ober, Kaler, Grimes & Shriver, P.C.
>120 East Baltimore Street
>Baltimore, MD 21202
>
>Charles L. Simmons, Jr., Esq.
>Gorman & Williams
>Two North Charles Street
>Suite 750
>Baltimore, MD 21201

_____/s/_____
Margaret A. Keeley