# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE, ) ) ) Plaintiff, ) ) v. ) ) WESTERN SERVICES CORP., et al., ) ) Defendants and ) Third-Party Plaintiff, ) v. ) ) GSE SYSTEMS, INC. ) ) Third-Party ) Defendants. ) ) | Case No.: AMD 02-3878 |

### MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF SEMEN MALKIN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(d)

Defendants Western Services Corp. and Mr. George Utmel (collectively, "Western"), seeks to have the testimony of Semen Malkin precluded as a result of Kurchatov's representation that Mr. Malkin will not appear for a properly noted deposition.

The scheduling of Mr. Malkin's deposition has already been the subject of a Motion to Compel. That Motion was withdrawn upon the offer of Kurchatov's counsel to make Mr. Malkin and Mr. Rakitin (another Kurchatov officer) available for five days

during the week of September 14th. After Western duly noted Mr. Malkin's deposition to begin September 15 (and withdrew its motion to compel), Kurchatov requested that the deposition dates be changed. Despite the efforts of Western and its counsel, new dates could not be coordinated because Kurchatov asked for part of the deposition to take place on a Saturday but refused to pay the extra costs of a weekend deposition. Kurchatov nonetheless announced that Mr. Malkin would not appear on Monday, September 15, 2003. Accordingly, Western seeks to preclude Mr. Malkin from testifying in this case pursuant to Federal Rule of Civil Procedure 37(d).

## FACTUAL BACKGROUND

On May 26, 2003, based upon scheduling discussions with Kurchatov's counsel, Western noticed the depositions of Messrs. Malkin and Rakitin to occur in July 2003 in Baltimore, Maryland. See Exhibit ("Ex.") 2 to Western's Motion to Compel the Depositions of Messrs. Rakitin and Malkin ("Western's Motion to Compel"). Twice Kurchatov confirmed dates when the witnesses would be available, and twice Kurchatov reneged on its commitments. See Western's Motion to Compel. The second time Kurchatov cancelled, it also asserted for the first time that the witnesses would not be available for more than 7 hours each, even though each would require the assistance of an interpreter during the deposition. Id. This necessitated the filing of Western's Motion to Compel.

Western withdrew its Motion to Compel after Kurchatov agreed to make Messrs. Malkin and Rakitin available for five days, and offered five dates of Western's

2

choosing between September 14 and September 28.  See Ex. A hereto and Western's Motion to Withdraw.  Western confirmed September 15 through September 19 with Kurchatov's counsel, withdrew its motion to compel, and duly noted the deposition of Mr. Malkin to begin September 15, 2003.  See Ex. B.

After receiving Western's deposition notice, counsel for Kurchatov informed Western that Mr. Malkin would not be available on Monday, September 15, requesting that the depositions be moved to September 16 through September 20 (a Saturday).  Counsel for Western agreed to change the deposition dates if Kurchatov would pay the extra cost of a weekend deposition.  See, e.g., Ex. C (letter from Keeley to Murphy dated 8/4/03).[1]  Kurchatov refused, but did not coordinate any new dates on the grounds that it was not seeking to "change" the deposition dates.  Ex. D.  Instead, Kurchatov simply asserted that Mr. Malkin would not be appearing on the properly noted date of September 15, 2003.  Id.

## ARGUMENT

Rule 37 of the Federal Rules of Civil Procedure explicitly provides:

> **(d) Failure of party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.**  If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are

---

[1] Court reporters charge approximately twice as much for Saturday depositions.

3

>just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of the subdivision of (b)(2) of this rule.

Fed. R. Civ. P. 37(d).

Western properly noted Mr. Malkin's deposition to begin on September 15, 2003. Ex. B. Western selected this date after a three-month effort to obtain dates for the deposition, and after having received confirmation from counsel that September 15 was available. Ex. A. Kurchatov once again reneged on its commitment however, and announced that Mr. Malkin was not available on September 15, 2003. Moreover, although Kurchatov was the party requesting that Messrs. Malkin's and Rakitin's depositions be postponed one day, meaning the last day of depositions would be a Saturday, Kurchatov refused to pay the additional cost associated with conducting the deposition on a weekend.

Kurchatov has not filed a motion for protective order. Fed. R. Civ. P. 37(d). Nor has it coordinated new deposition dates, as required by this Court's Local Discovery Guideline No. 4. Accordingly, the properly noted date of September 15, 2003 is presumptively binding. Id.

Western has bent over backwards in its efforts to accommodate Kurchatov's witnesses. More than three months have now passed since Western initially requested deposition dates for Mr. Malkin. Three times those dates have been confirmed, and three times Kurchatov has subsequently cancelled. Enough is enough. Mr. Malkin should be precluded from testifying in this case.

4

## **CONCLUSION**

For the foregoing reasons, Western respectfully requests that the Court preclude the testimony of Mr. Malkin with regard to any motion, hearing or trial related to this matter.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By:     _____/s/_____
        Bruce R. Genderson (Bar No. 02427)
        Margaret A. Keeley (Bar No. 15654)
        Ann Sagerson (Bar No. 15821)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Counsel for Western Services Corporation and George Utmel*

Dated: August 14, 2003

5