LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

MARGARET A. KEELEY
(202) 434-5137
mkeeley@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 9, 2003

*Via Facsimile & First Class Mail*

Jesse B. Hammock, Esq.
Ober, Kaler, Grimes & Shriver
120 East Baltimore St.
Baltimore, MD 21202
Facsimile: (410) 547-0699

Re: *KI v. WSC v. GSE*

Dear Jesse:

We write in regard to a number of outstanding discovery issues, including your letter of May 27, 2003.

Simulation Software Programs: WSC will produce the existing source code for SimPort 1997, the first version of SimPort 2000, and the most current version of SimPort 2000. We believe this should be sufficient for purposes of evaluating the various claims and defenses in this litigation, but will consider a request for other versions of the software (i.e., versions that were created between the time of the first version and the most current version) if you still believe they are necessary after you have examined the versions we are producing.

You also asked about other simulation-related software. WSC does market a variety of software that is complementary to SimPort (such as a training guide). We do not believe any of this software is relevant to the litigation, but, subject to the protective order, WSC will produce manuals for the software, which will demonstrate that this software is not relevant to the claims or defenses asserted in this litigation.

In addition, WSC is preparing to launch a new program which will incorporate the SimPort 2000 source code as a simulation-subcomponent. You will already possess the source code for this sub-component by virtue of having the source code for the most current version of SimPort 2000.

WILLIAMS & CONNOLLY LLP

Jesse B. Hammock, Esq.
June 9, 2003
Page 2

        KI's Document Request No. 29: WSC has had an ongoing relationship with SAIC and DS&S relating to simulation technology for over five years. The communications that have occurred during these years is voluminous, and spans a variety of subject matters – many of which are wholly irrelevant to this litigation, and others that are tangential at best.

        We believe that the relevant communications between WSC and SAIC/DS&S are already covered by your other document requests, but will of course consider a revised request, tailored more narrowly to seek the documents that are pertinent to this case.

        WSC's Document Requests Nos. 1-12, 14 & 19: You objected to each of these requests to the extent they seek "documents that are not relevant to the subject matter of this lawsuit," to the extent they "are not reasonably calculated to lead to the discovery of admissible evidence," and on the grounds that they were "overly broad and unduly burdensome." You nonetheless state that you will produce responsive, non-privileged documents. Please clarify that you will be producing all, non-privileged responsive documents or, if you are producing only a subset of responsive documents, provide a definition or description of those documents that you are producing.

        WSC Document Request No. 13: Your response does not indicate whether your client will produce responsive documents. The legal relationship between KI and InterDCM is relevant to this lawsuit because some of the transactions at issue were with KI, while others were with InterDCM. Moreover, some of the persons involved in the transaction were affiliated with both entities. Please advise whether your clients intend to produce responsive documents.

        WSC Document Request No. 16: Your response once again does not indicate whether your client will produce responsive documents. Documentation evidencing the grant of authority to institute legal proceedings speaks directly to our affirmative defense that the plaintiff in this case lacks the capacity and/or authority to bring this action. Please advise whether your clients intend to produce responsive documents.

        Sincerely,

        Margaret A. Keeley

cc:    Charles L. Simmons, Jr. Esq.