OBER | KALER
A Professional Corporation

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

Jesse B. Hammock
jbhammock@ober.com
410-347-7664

Offices In
Maryland
Washington, D.C.
Virginia

May 27, 2003

**VIA FACSIMILE (202-434-5029) AND FIRST CLASS MAIL**

Bruce R. Genderson, Esquire
Margaret A. Keeley, Esquire
Williams & Connolly
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

Re: *Kurchatov v. Western Services Corporation, et al.*
In the United States District Court for the District of Maryland
Case No. AMD 02 CV3878

Dear Counsel:

We received your recently filed Objections and Responses to the Kurchatov Institute's First Set of Interrogatories and First Request for Production of Documents. Specifically, I write to address certain objections you raised to Kurchatov's document requests and the corresponding concerns these objections raise for Kurchatov.

In Request Two, Kurchatov seeks a copy of all simulation source code marketed, licensed or sold by the defendants since 1995. These documents are not only relevant to Kurchatov's claims in this action, they are the very basis of a proper analysis. Kurchatov alleges, among other things, that WSC improperly copied its software; WSC contends that it did not copy Kurchatov's software, but rather, that the WCS simulation software is an independent creation. One of the best ways, and indeed a very standard way, to determine if copying took place is to evaluate the source code of each item of WSC's software in existence shortly before WSC had access to Kurchatov's software, and each version of WSC's software thereafter, comparing the same with Kurchatov's work. To do so, we obviously must have access to WSC's simulation source code for these periods of time. Presumably, such software will be covered by any confidentiality agreement between the parties. Accordingly, we must insist that your client produce copies of all simulation software that it has marketed, licensed or sold since the beginning of the calendar year 1995, despite its objections, and as requested in Request Two.



Bruce R. Genderson, Esquire
Margaret A. Keeley, Esquire
May 27, 2003
Page 2

As to Requests Three and Four, I note that you object to the extent the Requests ask for "every" version of the SimPort software (or subroutines, engines, *etc.*) marketed, sold or licensed by WSC. You indicate that WSC will "produce source code for software marketed, sold or licensed under the SimPort name prior to 2000," but do not indicate whether or not this source code constitutes "every version" of the SimPort software, as requested. In light of the copyright claims pending between the parties, it is essential that Kurchatov be provided with *every* version of the SimPort software, and for that matter, every version of software it has marketed, sold or licensed, in its custody or control. Accordingly, we must insist that your client produce every version of SimPort (including subroutines and engines) as requested in Requests Three and Four.

Our final concern deals with your Response to Document Request Twenty-Nine, which sought "all correspondence and communications between [WSC] and SAIC and/or DS&S with respect to any simulation computer software and/or related technology." Your response notes allegedly applicable objections, but does not indicate whether your client will produce responsive documents notwithstanding and subject to its objections, or not. Accordingly, we read this Response to mean that your client will not produce responsive documents. Since communications between the parties named in Document Request Twenty-Nine are obviously likely to lead to admissible evidence, we request that you clarify your answer and notify us whether your client intends to produce responsive documents.

Please contact me at your earliest convenience so that we can discuss these disputes regarding WSC's discovery responses and determine whether it is necessary to seek judicial relief to rectify any disputes. Thank you for your attention to this matter.

Very truly yours,

Jesse B. Hammock

JBH:cld
cc: John M.G. Murphy, Esquire
Charles L. Simmons, Esquire

483816.2