IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSIAN RESEARCH CENTER,<br>THE KURCHATOV INSTITUTE<br><br>    Plaintiff and<br>    Counter Defendant,<br><br>  vs.<br><br>WESTERN SERVICES CORPORATION,<br>    *et al.*<br><br>    Defendant and<br>    Counter Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:  02CV3878<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY TO DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff and Counter Defendant Russian Research Center, The Kurchatov Institute ("KI"), by its undersigned attorneys, pursuant to Federal Rule 37(a) and Local Rule 104.8(a), hereby replies to defendants George Utmel and Western Services Corporation's Opposition to KI's Motion to Compel. In reply, KI states as follows.

I. Introduction

KI has made relatively routine requests to WSC to produce documentation central to this case – the various versions of the infringing software, and documentation and communication regarding the software's development. Despite numerous requests and negotiations, only a very

small number of documents, and only two WSC-selected software versions, have been produced. WSC's limited response is very surprising considering the vast amount of document and record intensive work that typically goes into the development of software, even software far less complex than that at issue in this case. However, WSC's opposition memorandum contains a clue as to why its production was so thin – it states, "the software and documents that do exist (and have not already been produced) are duplicative, irrelevant, and unnecessary." Opposition at p. 1, ¶ 1.

It is inconsistent with the policies underlying the Federal discovery rules for an advocate for one party unilaterally to decide whether documents responsive to proper requests are "duplicative, irrelevant and unnecessary." This is even more true where, as here, the documents sought include interim versions of software alleged to be infringing, and documentation regarding its development. By WSC's own admission as set forth above, and as otherwise described in counsel's L.R. 104.7 certificate, such documentation exists and has not been produced. The Rules entitle KI to the documents, the jury very likely will benefit from the withheld evidence, and justice requires that WSC be ordered to produce it.

II. <u>Versions of Software</u>[1]

KI will attempt to be brief in addressing WSC's asserted reasons for withholding the documentation. WSC first asserts that the interim versions of SIMPORT either have been destroyed or, in its view, are not "necessary" for KI to prepare its case. As KI has pointed out in other filings relating to discovery in this matter, our system of advocacy would break down if one's opponent were permitted to dictate what evidence is "necessary" to prove the opponent's case. The Rules of course recognize this, and give each party a right to discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(i).[2] No showing of "need" is required. The Advisory Committee's Explanatory Statement Concerning 1970 Amendments to Discovery Rules has now been true for the better part of the lifetimes of most involved in this case – "A showing of good cause is no longer required for discovery of documents and things." <u>Id</u>., Scope of Discovery at ¶ 2.

---

[1] On the date of this filing, counsel for WSC stated that WSC will produce the alleged "duplicative" versions of the software as it existed immediately prior to installation at each of the power plants. To date, the software has not been produced.

[2] While WSC also contends the interim versions of the alleged infringing software and documentation regarding its development are not "relevant," it is hard to imagine how this could be so in a copyright infringement suit.

It is inconsistent with our system of justice for WSC to choose the evidence it will produce.  KI respectfully requests that WSC be required to produce all documents responsive to its requests, including all versions of software requested.[3]

### III. The Requests Are Clear

WSC seems to suggest that KI is not entitled to the production of documents unless it can specifically identify the precise nature of the documentation sought.  This suggestion is not in accordance with the law or actual practice.

KI's document requests are clear and fairly standard, and seek documents relating to or evidencing such matters as the development of the infringing software, or communications between parties, for example.  This is the usual way such documentation is sought, as it is generally impossible for one that does not already possess the documentation to divine the precise nature of that held by the other party.  Indeed, WSC's counsel recognizes this, as its own document requests, and other document requests served by Williams & Connelly upon undersigned counsel in

---

[3] WSC also argues that it is much more "dangerous" for it to produce "more than a dozen CDs" containing the software.  KI notes that the Court's confidentiality order is sufficient to protect the software from disclosure, and its counsel is very experienced in protecting documents of a far more sensitive nature than this software.

496391.3                                4

several previous, unrelated cases, are of the same general nature as that which apparently confuses them today.

WSC also contends that KI never "articulat[ed] a basis for the insufficiency of [WSC's] responses." Opposition at p. 15, § C. The reason WSC's response is insufficient is that it is withholding evidence it should produce, and in fact admits so in its opposition. KI does not know how it can articulate this more clearly. Thus, it appears that WSC's position regarding KI's requests is without merit.

## IV. KI's Motion Complies with L.R. 104.7

WSC's written responses to KI's discovery requests are not the issue before this Court. In those responses, WSC agreed to produce the majority of documents sought, and KI was satisfied. Indeed, KI anticipated a production consistent with what one would expect in a case of this nature, as WSC's attorneys originally represented that they had over 8,000 emails and some huge number of bankers' boxes of documents to produce. Inexplicably, the huge anticipated production actually amounted to only about 150 emails and two WSC-selected software versions.

L.R. 104.7 provides:

> If a party who has propounded... requests for production is dissatisfied with the response to them and has been unable to resolve informally... any disputes with the responding party, that party shall serve a

>motion to compel within thirty days of the party's receipt of the response.

KI takes no issue with WSC's response. Indeed, if WSC had actually produced the documents as represented in its response, this motion would not be before the Court today. Given that the actual production of documents pursuant to Rule 34 requests is often somewhat "piecemeal," and commonly lags behind the written response, it can be seem that the time limits of L.R. 104.7 were not intended to apply to the actual production of promised documents. Thus, the Local Rule does not limit this Court's power to deal with WSC's discovery failures.

V.   Conclusion

Through much of discovery, KI's goal has been to seek documentation and other evidence relating to what now strongly appears to have been a wrongful and illegal infringement of its copyrights. KI takes no pleasure in observing that WSC's goals seem to have been to withhold such evidence. The time set for discovery in this Court's scheduling order is fast running out. This case must be prepared. If the Court allows WSC to continue to withhold critical evidence, this case will be prepared with the jury lacking information needed to reach a just resolution of

496391.3                               6

the parties' claims.  KI respectfully requests that the Court intervene, and order the production as sought herein.

                                        Respectfully submitted,

                                        /s/_____
John M.G. Murphy
Federal Bar No. 03811
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120
410-547-0699 (fax)
Attorneys for Plaintiff