IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSIAN RESEARCH CENTER ) <br> THE KURCHATOV INSTITUTE ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WESTERN SERVICES CORPORATION et al. ) <br> ) <br> ) <br>     Defendants. ) | CASE NO.: 02-CV-3878-AMD |
| RUSSIAN RESEARCH CENTER ) <br> THE KURCHATOV INSTITUTE ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCIENCE APPLICATIONS INTERNATIONAL ) <br> CORPORATION et al. ) <br> ) <br>     Defendants. ) | CASE NO.: 03-CV-2340-AMD |

SCIENCE APPLICATIONS INTERNATIONAL CORPORATION'S AND DATA SYSTEMS
AND SOLUTIONS LLC'S MOTION TO STAY AND CONSOLIDATE

Science Applications International Corporation ("SAIC") and Data Systems and Solutions LLC ("DS&S") move pursuant to Federal Rules of Civil Procedure 16, 26, and 42 to stay the action styled *Russian Research Center The Kurchatov Institute v. Western Services Corporation, et al.*, Case No. 02-CV-3878-AMD (the "Western Action") for a period of sixty days and, upon expiration of that stay, to consolidate for discovery and trial the Western Action and the action styled *Russian Research Center*

*The Kurchatov Institute v. Science Applications International Corporation*, et al., Case No. 03-CV-2340-AMD (the "SAIC Action"). The stay and consolidation are necessary to provide Defendants in the SAIC Action--SAIC and DS&S--time to assimilate information and materials generated through discovery in the Western Action, take supplemental discovery in the SAIC Action, and then consolidate the two actions for discovery and trial, all of which will avoid duplicative discovery, reduce expenses, expedite a resolution of the SAIC Action without significantly delaying the Western Action, and, on balance, will advance the objectives of judicial economy and convenience of the Parties.

Counsel for Movants has consulted with counsel for the Parties in the Western Action. The Defendants in that action have authorized Movants to advise the Court that they do not oppose this Motion.

Dated: September 16, 2003

Respectfully submitted,

/s/
Daniel F. Goldstein Bar No. 01036
Brown, Goldstein & Levy, LLP
120 East Baltimore Street
Suite 1700
Baltimore, Maryland 21202
(410) 962-1030
(410) 385-0869 (fax)

OF COUNSEL:

Joseph M. Beck
Kilpatrick Stockton LLP
Suite 800
1100 Peachtree Street
Atlanta, GA 30309-4530
(404) 815-6500
(404) 815-6555 (fax)

Peter M. Boyle
Kilpatrick Stockton LLP
Suite 900
607 14th Street, NW
Washington, D.C. 20005-2018
(202) 508-5800
(202) 508-5858 (fax)

Michael B. Lachuk
Deputy General Counsel
Science Applications International Corporation
10260 Campus Point Drive
399 M/S F3
San Diego, CA  92121
(858) 826-7090

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE ) ) ) | | |
| Plaintiff, ) ) | CASE NO.: 02-CV-3878-AMD | |
| v. ) ) | | |
| WESTERN SERVICES CORPORATION et al. ) ) ) ) | | |
| Defendants. ) ) | | |

| | | |
|---|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE ) ) ) | | |
| Plaintiff, ) ) | CASE NO.: 03-CV-2340-AMD | |
| v. ) ) ) | | |
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION et al. ) ) ) ) | | |
| Defendants. ) ) | | |

MEMORANDUM IN SUPPORT OF SCIENCE APPLICATIONS INTERNATIONAL
CORPORATION'S AND DATA SYSTEMS AND SOLUTIONS LLC'S
<u>MOTION TO STAY AND CONSOLIDATE</u>

Science Applications International Corporation ("SAIC") and Data Systems and Solutions LLC ("DS&S") move pursuant to Federal Rules of Civil Procedures 16(b), 26(d), and 42(a) to stay discovery in the action styled *Russian Research Center The Kurchatov Institute v. Western Services Corporation, et al.*, Case No. 02-CV-3878-AMD (the "Western Action"), for a period of sixty days and, upon expiration of that stay, to consolidate for discovery and trial the Western Action and the action styled

*Russian Research Center The Kurchatov Institute v. Science Applications International Corporation, et al.*, Case No 03-CV-2340-AMD (the "SAIC Action").  Granting this motion will conserve judicial resources, avoid duplicative discovery, reduce the Parties' expenses, and further the convenience of both the Parties and witnesses.  Counsel for Movants has consulted with counsel for the Parties in the Western Action.  The Defendants in that action have authorized Movants to advise the Court that they do not oppose this Motion.

I.     FACTS

These actions raise virtually identical issues of law and fact.  Both actions were brought by the same Plaintiff, the Kurchatov Institute, and relate to the same subject matter, the development and licensing of a software program known as SimPort.  The Defendants in the respective cases, Western Services Corporation and Guia Outmelidze (collectively "WSC") on the one hand and SAIC and DS&S on the other hand, enjoy an established business relationship regarding the licensing of the SimPort software.  Plaintiff has accused WSC in the Western Action and SAIC and DS&S in the SAIC Action of copyright infringement and various other malfeasance relating to the SimPort software.  These claims are premised on the same alleged acts and occurrences.  In discovery and at trial, the Parties in both cases will be exploring and addressing the same or substantially the same facts and legal theories.  Thus, witnesses and other evidence relevant to the two actions, with perhaps a few exceptions, will overlap almost identically.

Many witnesses, if not the vast majority of them, will need to testify at trial or by way of deposition in both actions.  Witnesses residing in Russia will be important to the Parties' various claims and defenses in both cases.  And other overlaps in discovery and presentation of evidence at trial will almost certainly exist.

Despite the near identity of issues between the two cases, the Western Action commenced in or around December 2002, while the SAIC Action commenced only a few weeks ago, in August 2003. The Parties in the Western Action have been actively engaged in discovery for several months now. The Parties in the Western Action have already served document requests and interrogatories, produced documents and responded to interrogatories, and began taking depositions at about the time SAIC was served with the Complaint in the SAIC Action. Certain key witnesses have already been deposed or are scheduled to be deposed in the very near future. In particular, on September 16, 2003, Defendant WSC is scheduled to begin deposing the Plaintiff's Rule 30(b)(6) representative, Igor Rakitin, a Russian national who resides in Russia.

At this point in time, the Parties to the Western Action, *i.e.*, Plaintiff and Defendant WSC, have a much greater advantage over SAIC and DS&S because those Parties have had much greater access to the relevant facts through discovery, have had more time to assimilate discovery materials, have been able to take discovery from adverse and third parties, and have had the opportunity to identify the facts that they need to develop through discovery and implement their discovery plans.

## II.   DISCUSSION

Federal Rule of Civil Procedure 42(a) authorizes this Court to consolidate actions involving common questions of law and fact pending before it to avoid unnecessary costs or delay. *See* Fed. R. Civ. P. 42(a); *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 520 (D. Md. 2001)(relying on *Arnold v. Eastern Airlines, Inc.*, 681 F.2d 186, 192-93 (4th Cir. 1982)). In addition, the Court has the inherent authority to stay any action pending before it. *See Crown Central Petroleum Corp. v. Department of Energy*, 102 F.R.D. 95, 98-99 (D. Md. 1984). This authority "is incidental to the power in every court to control disposition of the [cases] on its docket with economy of time and effort

for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). And, with respect to the timing and sequence of discovery, the Court has broad discretion to issue orders as the interests of justice and the convenience of the parties and witnesses may warrant. *See* Fed. R. Civ. P. 26(d).

      Here, the near identity of legal and factual issues between the Western Action and the SAIC Action provides strong grounds for consolidating the two cases. Consolidation would allow the Court to manage the actions more efficiently and enable the Parties to avoid redundant discovery and duplicative presentation of evidence at two separate trials. Consolidating these two cases, and thus avoiding the need for two separate trials having so many issues in common, would certainly advance judicial economy. Consolidation would additionally benefit all of the Parties involved. For instance, witnesses who have not yet traveled to the United States from Russia to testify at deposition would only need to make one trip rather than two, thereby saving substantial time and expense, and witnesses coming from Russia for trial would need to appear at only one trial. Consolidation therefore would not only foster judicial economy, but advance the convenience of both the Parties and witnesses and reduce the expenses associated with litigating the same issues twice.

      Consolidating the two cases, however, would be manifestly unfair to Defendants SAIC and DS&S unless it afforded them at least some opportunity to catch up with the nine months of fact development, discovery and analysis that has already occurred in the Western Action. In effect, Plaintiff has secured a tremendous head start in the SAIC Action by virtue of taking discovery in the Western Action but waiting until now to sue SAIC. Depositions proceed in the former while SAIC's and DS&S's Answers are not even due for another six weeks. Defendants SAIC and DS&S are entitled to

the same access and opportunities as the Parties in the Western Action to marshal the facts in this case and assimilate them into their case strategies.

Consolidating the two actions at this time, but without granting a stay, would unfairly prejudice SAIC and DS&S. If the Court were to consolidate the actions at a later time but allow discovery in the Western Action to proceed, the Court and the Parties would lose the benefits of consolidation. Indeed, SAIC and DS&S would need to depose even more of those individuals who have already given deposition testimony in the Western Action. If the Western Action were to proceed much longer without a stay, the need for duplicative discovery would only increase. Accordingly, Defendants SAIC and DS&S respectfully request that the Court stay discovery in the Western Action for a period of sixty days before consolidating the two actions. This will give SAIC and DS&S at least some opportunity to work with the Parties in the Western Action to see what efficiencies may be gained from relying on the discovery already taken in that action, supplement that discovery as needed, and then participate on a level playing field in discovery in the consolidated actions. A proposed Order that includes a revised schedule following a stay is submitted herewith for the Court's consideration.

### III. CONCLUSION

For the foregoing reasons, SAIC and DS&S respectfully request the Court to grant its motion to stay the Western Action and, upon expiration of that stay, consolidate the Western and SAIC Actions.

Dated: September 16, 2003

          Respectfully submitted,

          /s/
          Daniel F. Goldstein Bar No. 01036
          Brown, Goldstein & Levy, LLP
          120 East Baltimore Street
          Suite 1700
          Baltimore, Maryland  21202
          (410) 962-1030
          (410) 385-0869 (fax)

OF COUNSEL

Joseph M. Beck
Kilpatrick Stockton LLP
Suite 800
1100 Peachtree Street
Atlanta, GA 30309-4530
(404) 815-6500
(404) 815-6555 (fax)
Attorneys for Defendants


Peter M. Boyle
Kilpatrick Stockton LLP
Suite 900
607 14th Street, NW
Washington, D.C. 20005-2018
(202) 508-5800
(202) 508-5858 (fax)

Michael B. Lachuk
Deputy General Counsel
Science Applications International Corporation
10260 Campus Point Drive
399 M/S F3
San Diego, CA  92121
(858) 826 7090

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE | ) ) ) | |
| Plaintiff, | ) ) | CASE NO.: 02-CV-3878-AMD |
| v. | ) ) | |
| WESTERN SERVICES CORPORATION et al. | ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE | ) ) ) | |
| Plaintiff, | ) ) | CASE NO.: 03-CV-2340-AMD |
| v. | ) ) | |
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION et al. | ) ) ) | |
| Defendants. | ) ) | |

<u>ORDER</u>

Upon consideration of SAIC's and DS&S' Motion to Stay and Consolidate, and it appearing to the Court that they are entitled to the relief requested, it is this ____ day of September, 2003 ORDERED that

The Motion is granted.

The action styled *Russian Research Center The Kurchatov Institute v. Western Services Corporation, et al,.* Case No. 02-CV-3878-AMD is hereby stayed for a period of sixty (60) days, such stay commencing on the date of this Order.

Upon expiration of the stay, Case No. 02-CV-3878-AMD and 03-CV-2340-AMD are consolidated for discovery and trial.

The Court's April 4, 2003 Scheduling Order in Case No. 02-CV-3878-AMD is modified as follows and shall govern the consolidated cases:

I.   DEADLINES

| | |
|---|---|
| Plaintiff's Rule 26(a)(2) disclosure <u>re</u> experts | January 3, 2004 |
| Defendants' Rule 26(a)(2) disclosures <u>re</u> experts | February 3, 2004 |
| Plaintiff's rebuttal Rule 26(a)(2) Disclosures <u>re</u> experts | March 6, 2004 |
| Rule 26(e) supplementation of Disclosures and responses | March 20, 2004 |
| **<u>Discovery deadline</u>; <u>Submission of status report</u>** | April 3, 2004 |
| Dispositive pretrial motions deadline | May 13, 2004 |
| Trial: Two Week Period Beginning | _____ |

_____
Hon. Andre M. Davis
United States District Court Judge

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RUSSIAN RESEARCH CENTER ) <br> THE KURCHATOV INSTITUTE ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WESTERN SERVICES CORPORATION et al. ) <br> ) <br>     Defendants. ) | CASE NO.:  02-CV-3878-AMD |
| RUSSIAN RESEARCH CENTER ) <br> THE KURCHATOV INSTITUTE ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCIENCE APPLICATIONS INTERNATIONAL ) <br> CORPORATION et al. ) <br> ) <br>     Defendants. ) | CASE NO.:  03-CV-2340-AMD |

      I hereby certify that on this 16th day of September, 2003, copies of the foregoing Motion to Stay and Consolidate, Memorandum of Points and Authorities in Support thereof, and proposed Order have been delivered by hand to:

          John M.G. Murphy
          Ober, Kaler, Grimes & Shriver
          A Professional Corporation
          120 East Baltimore Street
          Baltimore Maryland 21202-1643
          (410) 685-1120
          Attorney for Plaintiff Russian Research Center The Kurchatov Institute

Bruce R. Genderson
Williams & Connolly LLP
725 12th Street N.W.
Washington, D.C. 20005
(202) 434-5000
Attorney for Defendants Western Services Corporation and Guia Outmelidze


/s/
Daniel F. Goldstein

2