IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| RUSSIAN RESEARCH CENTER<br>THE KURCHATOV INSTITUTE,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN SERVICES CORP., et al.,<br><br>        Defendants and<br>        Third Party Plaintiff,<br><br><br>v.<br><br>GSE SYSTEMS, INC.<br><br>        Third Party<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br><br>AMD 02-3878 |

**MEMORANDUM IN SUPPORT OF GSE'S MOTION TO
COMPEL PRODUCTION BY WSC IN RESPONSE TO GSE'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

**Request No. 1:** All documents relating to AIS-95, SimPort, SimPort 1997, or SimPort 2000 simulation technology.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome. WSC objects in particular to this request to the extent that it seeks all documents relating to AIS-95, SimPort, SimPort 1997 or SimPort 2000 and insofar as it is duplicative of other requests contained herein. Subject to and without waiving this objection, WSC will produce all contracts, marketing materials, correspondence, e-mail communications

(identified using the search term "SimPort,"), and manuals relating to AIS-95, SimPort, SimPort 1997 or SimPort 2000 (to the extent they have not already been produced to GSE). Other documents relating to AIS-95, SimPort, SimPort 1997 or SimPort 2000 produced in response to other specific document requests may also be responsive to this document request and will be produced subject to and without waiving any objection stated within the response to the specific document request.

**GSE's Objection:**  GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simultation technologies, the software programs directly involved in the claims and defenses in this suit.  In violation of the Federal Rules of Civil Procedure, WSC unilaterally declares what it will produce, i.e., contracts, marketing materials, correspondence, certain e-mails, and manuals relating to IAS-95 SimPort, SimPort 1997, or SimPort 2000, but making it clear that it will not produce all discoverable documents. WSC is obligated to produce <u>all</u> documents in its possession or in the possession of its attorneys and agents relating to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000.

Furthermore, WSC does not state or otherwise identify the documents and materials that it is withholding.  This is another violation of the Federal Rules of Civil Procedure.  Examples of obvious categories of documents not produced by WSC are handwritten or electronic notes, bids and responses to customers' requests for proposals, and e-mail communications/messages that would be identified and produced using broader e-mail and document search criteria such as the names of customers to whom WSC has marketed AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simulation technology.

**Request No. 2:**  All documents relating to communications concerning simulation

2

technology between or among any of the following: GSE, KI, WSC, Utmel, SAIC or DS&S.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome. WSC objects in particular to this request to the extent that it seeks communications concerning all simulation technology, including non-SimPort technology. Subject to and without waiving this objection, WSC will produce responsive documents relating to communications concerning AIS-95, SimPort, SimPort 1997 and SimPort 2000 simulation technology, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE is entitled to <u>all</u> communications concerning simulation technology in the possession of WSC and/or its attorneys and agents between and among the key parties in this litigation -- KI, WSC, George Utmel, SAIC, DS&S, and GSE. GSE is entitled to have from WSC all communications in its possession or in the possession of its attorneys and agents concerning AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simulation technology. WSC's qualification that it will produce only "responsive documents" in that category is an illogical and disturbing limitation because <u>all</u> documents relating to communications between KI, WSC, Utmel, SAIC, DS&S, and/or GSE concerning AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simulation technology are discoverable and therefore responsive.

Furthermore, WSC's objection to producing documents relating to "non-Simport technology" is a violation of the discovery rules of the Federal Rules of Civil Procedure because whether AIS-95 is a SimPort simulation technology is an issue disputed by WSC and therefore allows WSC to withhold documents relating to simulation technology that are clearly discoverable.

**Request No. 3:** All documents relating to licensing or right to use agreements, actual or potential, between or among WSC, Utmel, DS&S, and/or SAIC in connection with simulation

technology.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome. WSC objects in particular to the extent that it seeks documents related to non-SimPort technology. Subject to and without waiving this object, WSC will produce responsive documents relating to AIS-95, SimPort, SimPort 1997 and SimPort 2000 simulation technology, to the extent it has not already produced them to GSE.

**GSE's Objection:** WSC's objection to producing documents relating to "non-Simport technology" is a violation of the discovery rules of the Federal Rules of Civil Procedure because whether AIS-95 is a SimPort simulation technology is an issue disputed by WSC and therefore allows WSC to withhold documents relating to simulation technology that are clearly discoverable and responsive. GSE is entitled to a specific statement from WSC that it has produced all licensing or right-to-use agreements, actual or potential, between or among WSC, Utmel, DS&S, and SAIC, without the vague qualification and limitation that it is only producing "responsive documents." Any licenses or right-to-use agreements up to the current date are discoverable and responsive and should be produced by WSC, or WSC should state forthrightly what agreements, etc. it has decided not to produce.

**Request No. 4:** All documents relating to communications between or among (a) WSC and/or SAIC and/or DS&S and (b) any third parties relating to SimPort, SimPort 1997, or SimPort 2000 technology and/or WSC, Utmel, DS&S or SAIC, including non-privileged documents relating to this litigation.

**Response:** WSC objects to this document request on the grounds that it is vague, overbroad, unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. Subject to and without waiving this objection, WSC will produce

responsive documents relating to communications between or among WSC and/or SAIC and/or
DS&S and third parties relating to SimPort, SimPort 1997, or SimPort 2000 technology and
WSC, Utmel, DS&S or SAIC, to the extent it has not already produced them to GSE.

**GSE's Objection:**    GSE is entitled to a full and complete production of the documents
requested, i.e. communications between or among WSC and/or SAIC and/or DS&S and any third
parties relating to the topics specified in Request No. 4.    WSC's response appears to be
gamesmanship and wordsmithing and that appears to be designed to withhold documents that are
clearly discoverable and relevant.    WSC appears to be contending that it need not produce
communications among it, SAIC, and/or DS&S unless such communications relate both to the
simulation technology <u>and</u> to WSC, Utmel, DS&S or SAIC.    This exercise in word twisting is
not the spirit with which federal court discovery should be conducted.    GSE is entitled to all of
the communications that it has requested.    GSE is entitled to a forthright, candid, and clear
response from WSC stating that it will produce the documents, or stating and identifying what it
will not produce and the reasons why it will not produce them.

**Request No. 9:**    All documents evidencing any direct or indirect exchange of money or
other valuable consideration between or among WSC, Utmel, SAIC, and DS&S relating, directly
or indirectly, to SimPort.

**Response:**    WSC objects to this document request on the grounds that it is overbroad and
unduly burdensome and that it seeks documents that are not relevant to any claim or defense of
any party.    WSC objects in particular to the extent that it seeks every document evidencing the
direct or indirect exchange of money.    Subject to and without waiving this objection, WSC will
produce responsive documents sufficient to establish any direct or indirect exchange of money or
other valuable consideration between or among WSC, Utmel, SAIC, and DS&S relating, directly

5

or indirectly, to SimPort, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE is entitled to all documents evidencing the direct or indirect exchange of money between or among WSC, Utmel, SAIC, and DS&S relating, directly or indirectly, to SimPort. WSC is not entitled to unilaterally decide which documents it will deem to be responsive and "sufficient" to establish any direct or indirect exchange of money. All documents evidencing any direct or indirect exchange of money or other valuable consideration are discoverable and should be produced.

**Request No. 10:** The source code for each and every computer software program, or simulation package using computer software, that was marketed, sold or license at any time under the mark SIMPORT.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks source code for *every* version of the SimPort software utilized. Subject to and without waiving this objection, WSC has produced the source code for software marketed, sold or licensed under the SimPort name prior to 2000, the source code for the first version of the SimPort 2000 software.

**GSE's Objection:** GSE is entitled to have produced to it <u>all</u> source code documents in the possession and control of WSC and its attorneys that relate to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simultation technologies, the software programs directly involved in the claims and defenses in this suit. In violation of the Federal Rules of Civil Procedure, WSC unilaterally declares what source codes it will produce and which it will not. WSC is obligated to produce <u>all</u> source code documents in its possession or in the possession of its attorneys and agents relating to simulation technology marketed, sold, or used under the mark SIMPORT.

Furthermore, WSC's objection to producing documents relating to every version of SIMPORT software is a violation of the discovery rules of the Federal Rules of Civil Procedure and allows WSC to withhold documents relating to simulation technology that are clearly discoverable.

**Request No. 11:** The source code for every software program marketed, licensed, sold, or planned to be marketed, licensed or sold by you or on your behalf at any time since the calendar year 1995 that is or purports to be all or part of a simulation program or package for use by nuclear or fossil fuel power plants, regardless of the marks under which such program or programs was or is planned to be marketed, licensed, or sold, together with all prior versions of the software program and/or any of its components.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks source code for software other than that identified by the SimPort mark, which is the only software at issue in this dispute, and to the extent that it seeks all versions of non-SimPort source code. Subject to and without waiving this objection, WSC has produced the source code for all of its simulation programs, which are now combined in a single product called 3-Key.

**GSE's Objection:** GSE is entitled to have produced to it <u>all</u> source code documents in the possession and control of WSC and its attorneys that relate to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simultation technologies, the software programs directly involved in the claims and defenses in this suit. In violation of the Federal Rules of Civil Procedure, WSC unilaterally declares what source codes it will produce and which it will not. WSC is obligated to produce <u>all</u> source code documents in its possession or in the possession of its attorneys and

7

agents relating to simulation technology marketed, sold, or used under the mark SIMPORT.

Furthermore, WSC's objection to producing documents relating to every version of SIMPORT software is a violation of the discovery rules of the Federal Rules of Civil Procedure and allows WSC to withhold documents relating to simulation technology that are clearly discoverable.

**Request No. 12:**  Every prior version of software on which any computer software program marketed, licensed or sold in whole or in part under the mark SIMPORT was based.

**Response:**  WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks source code for every version of the SimPort software utilized. Subject to and without waiving this objection, WSC has produced source code for software marketed, sold or licensed under the SimPort name prior to 2000, the source code for the first version of the SimPort 2000 software, and the source code for the most current version of the SimPort 2000 software.

**GSE's Objection:**  GSE is entitled to have produced to it <u>all</u> software in the possession and control of WSC and its attorneys on which any simulation technology marketed, licensed or sold under the mark SIMPORT was based. In violation of the Federal Rules of Civil Procedure, WSC unilaterally declares what source code it will produce, but making it clear that it will not produce all discoverable software documents. WSC is obligated to produce all software documents in its possession or in the possession of its attorneys and agents relating to simulation technologies marketed, licensed, or sold under the mark SIMPORT.

Furthermore, WSC's objection to producing software documents relating to every version of SimPort software is a violation of the discovery rules of the Federal Rules of Civil Procedure

and allows WSC to withhold documents relating to SimPort software that are clearly discoverable.

**Request No. 13:**  All memos, email, correspondence, notes, reports and other such documents generated or transmitted in the course of developing, creating or executing any computer software program marketed, license or sold in whole or in part under the mark SIMPORT.

**Response:**  WSC objects to this request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. Subject to and without waiving this objection, WSC will produce all responsive documents, to the extent it has not already produced them to GSE.

**GSE's Objection:**  GSE is entitled to all of the documents it has requested because all documents are relevant to defenses and claims in this litigation.  WSC's statement that it will produce all "responsive documents" when only discoverable documents have been requested in the first place,  appears to be an effort to set up some way to withhold documents.  All memos, e-mails, correspondence, notes, etc. that were generated or transmitted in the course of developing simulation technology marketed under the mark SIMPORT that are in the possession of WSC and/or its attorneys or agents are discoverable and responsive.

**Request No. 14:**  All notes, flow charts, diagrams, directories, manuals, design documents, status reports, written instructions, workbooks, installation reports, output reports, release history and similar planning and testing materials used or generated in the course of developing, creating or executing any computer software marketed, licensed or sold in whole or in part under the mark SIMPORT.

**Response:**  WSC objects to this request on the grounds that it is overbroad and unduly

burdensome and that it seeks documents that are not relevant to any claim or defense of any party. Subject to and without waiving this objection, WSC will produce all responsive documents, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE is entitled to all of the documents it has requested because all documents are relevant to defenses and claims in this litigation. WSC's statement that it will produce all "responsive documents" when only discoverable documents have been requested in the first place, appears to be an effort to set up some way to withhold documents. All notes, flow charts, etc. that were generated or transmitted in the course of developing computer software programs marketed under the name SimPort that are in the possession of WSC and/or its attorneys or agents are discoverable and responsive.

**Request No. 15:** All information received by you from any third party source used in any way in the development, creation and execution of any computer software marketed, licensed or sold in whole or in part under the mark SIMPORT.

**Response:** WSC objects to this request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks all information received from third parties that WSC used during the execution of SimPort. WSC further objects in particular to the extent that this request seeks every document that may have contributed to WSC's know how and experience, including texts, articles, past projects, etc. Subject to and without waiving these objections, WSC will produce the responsive documents which were directly incorporated into the development and creation of SimPort, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to WSC's development, creation, and execution

of simulation computer software marketed, licensed or sold under the mark SIMPORT. In violation of the Federal Rules of Civil Procedure, WSC unilaterally and regularly declares what it will produce, i.e., only what WSC considers "responsive" documents, but making it clear that it will not produce all discoverable documents. All the WSC documents requested are discoverable and therefore responsive.

**Request No. 16:** All documents that evidence, refer to, relate to, reflect or embody any agreement between KI and Western regarding the use of KI scientists and/or KI's information, technology and material (including but not limited to KI's "patents" and "know-how") to develop, create or execute any computer software product for marketing, licensing or sale in the United States.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks documents concerning computer software unrelated to SimPort. Subject to and without waiving this objection, WSC will produce responsive documents relating to simulation technology, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE objects because GSE is entitled from WSC a clear statement that all documents that in any way relate to any agreement between KI and WSC regarding the use of KI scientists or KI's information and technology have been produced. GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simulation technologies, the software programs directly involved in the claims and defenses in this suit. In violation of the Federal Rules of Civil Procedure, WSC unilaterally and vaguely declares what it will produce, i.e., only

"responsive" documents, but making it clear that it will not produce all discoverable documents. All the WSC documents requested are discoverable and therefore responsive.

Furthermore, WSC's objection to producing software documents unrelated to SimPort is a violation of the discovery rules of the Federal Rules of Civil Procedure because whether AIS-95 is a SimPort simulation technology is an issue disputed by WSC and therefore allows WSC to withhold documents relating to simulation technology that are clearly discoverable.    WSC is picking and choosing which documents in this category it considers to be responsive and which it does not.  GSE demands that WSC state forthrightly what WSC is not producing.

**Request No. 17:**    All documents that evidence any work done by any scientists associated with, or previously associated with, KI with respect to any computer software intended for marketing, licensing or sale in the United States, including the work product of its scientists, time records or other such records showing the work actually performed by said scientists, and the remuneration paid for the work performed by such scientists.

**Response:**  WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks documents concerning computer software unrelated to SimPort, and to the extent that it seeks every document related to former KI engineers' computer programming work on behalf of WSC. Subject to and without waiving this objection, WSC will produce responsive documents sufficient to establish the time former KI engineers spent on the development of SimPort and the application of SimPort to build power plant simulators, and the remuneration paid to such scientists for that work, to the extent it has not already produced them to GSE.

**GSE's Objection:**    GSE objects because GSE is entitled from WSC a clear statement

12

that all documents that in any way relate to any agreement between KI and WSC regarding the use of KI scientists or KI's information and technology have been produced. GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simultation technologies, the software programs directly involved in the claims and defenses in this suit. In violation of the Federal Rules of Civil Procedure, WSC unilaterally and vaguely declares what it will produce, i.e., "responsive documents sufficient" to establish time and renumeration, but making it clear that it will not produce all discoverable documents. <u>All</u> requested documents in its possession or in the possession of its attorneys and agents are discoverable and therefore responsive.

Furthermore, WSC's objection to producing software documents "unrelated to SimPort" is a violation of the discovery rules of the Federal Rules of Civil Procedure. Whether AIS-95 is a SimPort simulation technology is an issue disputed by WSC and therefore allows WSC to withhold documents relating to simulation technology that are clearly discoverable and responsive. WSC is picking and choosing which documents among this category it considers to be responsive and which it does not. GSE demands that WSC state forthrightly what WSC is not producing.

**Request No. 18:** All documents that evidence, refer to, relate to, reflect or embody any payments made to KI for any information received from it, any computer software code or related materials received from it, the use of its scientists and other employees relating to the development, creation or execution of software intended for marketing or licensing in the United States, and/or any other aspect of the development and/or marketing of any software intended for its licensing or sale in the United States.

**Response:** WSC objects to this document request on the grounds that it is overbroad and

unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks documents concerning computer software unrelated to SimPort and to the extent that it seeks all documents evidencing, referring, relating to, reflecting or embodying payments made to KI. Subject to and without waiving this objection, WSC will produce responsive documents relating to simulation technology, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE objects because GSE is entitled from WSC a clear statement that all documents that in any way relate to any payments made to KI have been produced. GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to payments made to KI for information WSC received from KI scientist. In violation of the Federal Rules of Civil Procedure, WSC unilaterally and vaguely declares what it will produce, i.e., "responsive documents relating to simulation technology," but making it clear that it will not produce all discoverable documents. WSC is obligated, to produce <u>all</u> documents in its possession or in the possession of its attorneys and agents relating to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000.

Furthermore, WSC's objection to producing documents "unrelated to Simport" is a violation of the discovery rules of the Federal Rules of Civil Procedure because whether AIS-95 is a SimPort simulation technology is an issue disputed by WSC and therefore allows WSC to withhold documents relating to simulation technology that are clearly discoverable and responsive. WSC is picking and choosing which documents among this category it considers to be responsive and which it does not. GSE demands that WSC state forthrightly what WSC is not producing.

**Request No. 19:** All documents that evidence, refer to, relate to, reflect or embody any

information received from KI in the course of developing, creating or executing any computer software intended for marketing or licensing in the United States.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks documents concerning computer software unrelated to SimPort. Subject to and without waiving this objection, WSC will produce responsive documents relating to simulation technology, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE is entitled to all documents from KI that WSC used in the course of developing, creating, or executing any computer software intended for marketing or licensing in the United States. GSE agrees to limit this request to documents received from KI by WSC in the course of developing, creating, or executing any simulation technology computer software. GSE objects to WSC's attempt to limit its response to documents relating or referring only to the development, creation, or execution of SimPort because simulation computer technologies under the name AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 are included among the simulation technologies that are relevant to the claims and defenses in this case.

Furthermore, WSC's objection to producing documents "unrelated to Simport" is a violation of the discovery rules of the Federal Rules of Civil Procedure because whether AIS-95 is a SimPort simulation technology is an issue disputed by WSC and therefore allows WSC to withhold documents relating to simulation technology that are clearly discoverable and responsive. WSC is required to state and identify those documents it is withholding.

**Request No. 20:** All documents that evidence, refer to, relate to, reflect or embody any and all agreements or contracts entered into between Western and SAIC and/or DS&S with

respect to the marketing, licensing or sale of any computer software under the marks SIMPORT and/or AIS-95.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks all documents that evidence, refer to, relate to, reflect or embody any and all agreements or contracts entered into between WSC and SAIC and/or DS&S relating to SimPort. Subject to and without waiving this objection, WSC will produce all written agreements or contracts entered into between WSC and SAIC and/or DS&S and all drafts thereof, to the extent it has not already produced them to GSE.

**GSE's Objection:** GSE is entitled to all documents that evidence, refer to, relate or reflect or embody any and all agreements or contracts between WSC, SAIC, and/or DS&S with respect to simulation technology computer software marketed or licensed or sold under the mark SIMPORT and/or AIS-95. WSC's objection to producing all such documents and all such agreements or contracts are a violation of the Federal Rules of Civil Procedure. GSE is entitled to all notes, correspondence, e-mails leading up to and following after any such agreements or contract, not just the written agreements or contracts themselves and any drafts. WSC's attempt to limit the production to all documents that are relevant to the claims and defenses is a violation of the Federal Rules of Civil Procedure.

**Request No. 21:** All documents that evidence, refer to, relate to, reflect or embody any and all monies exchanged between Western and any other person with respect to any computer software marketed, licensed or sold in whole or in part under the marks SIMPORT and/or AIS-95.

**Response:** WSC objects to this document request on the grounds that it is overbroad and

16

unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks every document evidencing the exchange of monies between Western and any other person with respect to SimPort and/or AIS-95. Subject to and without waiving this objection, WSC will produce responsive documents sufficient to establish such monies exchanged, to the extent it has not already produced them to GSE.

**GSE's Objections:**  GSE is entitled to all documents that evidence, refer to, relate or reflect or embody any monies exchanged between WSC, SAIC, and/or DS&S with respect to simulation technology computer software marketed or licensed or sold under the mark SIMPORT and/or AIS-95.  WSC's objection to producing all such documents and all such documents is a violation of the Federal Rules of Civil Procedure.

**Request No. 22:**  All documents that evidence, refer to, relate to, reflect or embody any sums received by Western, SAIC, DS&S, Outmelidze, and any other person or entity resulting from the sale or licensing of any software marketed under the marks SIMPORT and/or AIS-95.

**Response:**  WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks every document evidencing sums of monies received as a result of the sale or licensing of SimPort or AIS-95. Subject to and without waiving this objection, WSC will produced responsive documents sufficient to establish the sums of monies received as a result of the sale or licensing of SimPort or AIS-95, to the extent it has not already produced them to GSE.

**GSE's Objections:**  GSE is entitled to all documents that show in any way or that refer to any sums of money received by WSC, SAIC, DS&S, George Utmel, resulting from the sale

17

and/or licensing of any software marketed under the mark SIMPORT and/or AIS-95. WSC's objection to "every document" is a violation of the Federal Rules of Civil Procedure. It is vital to the claims and defenses in this litigation for GSE to know what money WSC has, and is, receiving through the marketing of simulation technology computer software under the mark SIMPORT and AIS-95. GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simultation technologies, the software programs directly involved in the claims and defenses in this suit. In violation of the Federal Rules of Civil Procedure, WSC unilaterally and vaguely declares what it will produce, i.e., "responsive documents sufficient to establish the sums of monies received," but making it clear that it will not produce all discoverable documents. WSC is obligated to produce <u>all</u> documents in its possession or in the possession of its attorneys and agents relating to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000.

**Request No. 23:**  All documents that evidence, refer to, relate to, reflect or embody all revenue and profits earned by you or any other person or entity from the use of the mark SIMPORT in commerce.

**Response:**  WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to the extent that it seeks *every* document evidencing, referring to or relating to revenue and profits earned from the use of the SimPort mark. Subject to and without waiving this objection, WSC will produce responsive documents sufficient to establish the revenue and profits earned by WSC from the use of the SimPort mark, to the extent it has not already produced them to GSE.

**GSE's Objections:**  GSE is entitled to all documents that show in any way or that refer

to any sums of money received by WSC, SAIC, DS&S, George Utmel, resulting from the use of the mark SIMPORT. GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000 simultation technologies, the software programs directly involved in the claims and defenses in this suit. In violation of the Federal Rules of Civil Procedure, WSC unilaterally declares what it will produce, i.e., "responsive documents sufficient to establish the revenue and profits," but making it clear that it will not produce all discoverable documents. WSC is obligated to produce <u>all</u> documents in its possession or in the possession of its attorneys and agents relating to AIS-95 SimPort, SimPort 1997, and/or SimPort 2000.

WSC's objection to "every document" is a violation of the Federal Rules of Civil Procedure. It is vital to the claims and defenses in this litigation for GSE to know what money WSC has and is receiving through the use of the mark SIMPORT in commerce.

**Request No. 24:** All documents that evidence, refer to, relate to, reflect or embody all revenue and profits earned by WSC from the use, sale, or marketing of Simport simulation technology and/or software.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in 13 particular to the extent that it seeks every document evidencing, referring to or relating to revenue and profits earned from the use of the SimPort mark. Subject to and without waiving this objection, WSC will produce responsive documents sufficient to establish the revenue and profits earned by WSC from the use, sale, or marketing of SimPort simulation technology and/or software, to the extent it has not already produced them to GSE.

**GSE's Objections:** GSE is entitled to all documents that show in any way or that refer

to any revenue and profits earned by WSC, George Utmel, resulting from the sale and/or licensing of any SimPort simulation software marketed. WSC's objection to "every document" is a violation of the Federal Rules of Civil Procedure. GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that relate to WSC's revenue and profits from SimPort simulation technology and/or software. In violation of the Federal Rules of Civil Procedure, WSC unilaterally and vaguely declares what it will produce, i.e., "responsive documents sufficient to establish the revenue and profits," but making it clear that it will not produce all discoverable documents. It is vital to the claims and defenses in this litigation for GSE to know what revenue and profits WSC has and is earning through the marketing of simulation technology computer software under the marks SIMPORT and AIS-95. WSC is required to state and identify what documents it is withholding.

**Request No. 26:** All correspondence and communications between or among WSC, Utmel, SAIC and/or DS&S with respect to any simulation computer software and/or related technology.

**Response:** WSC objects to this document request on the grounds that it is overbroad and unduly burdensome and that it seeks documents that are not relevant to any claim or defense of any party. WSC objects in particular to this request to the extent that it seeks communications concerning *all* computer software and related technology, including non-SimPort related software and technology. Subject to and without waiving this object, WSC will produce responsive documents relating to communications concerning AIS-95, SimPort, SimPort 1997 and SimPort 2000 simulation technology, to the extent it has not already produced them to GSE.

**GSE's Objections:** GSE is entitled to have produced to it <u>all</u> documents in the possession and control of WSC and its attorneys that constitute correspondence and

communications between or among WSC, Utmel, SAIC and/or DS&S.  In violation of the

Federal Rules of Civil Procedure, WSC unilaterally declares what it will produce, i.e.,

communications concerning AIS-95, SimPort, SimPort 1997, or SimPort 2000, but making it

clear that it will not produce all documents relating to other simulation software and technology.

Furthermore, WSC's objection to producing documents relating to "non-Simport  related

software technology" is a violation of the discovery rules of the Federal Rules of Civil Procedure

and allows WSC to withhold documents relating to simulation technology that are clearly

discoverable and responsive.

Charles L. Simmons Jr. P.C.
Federal Bar No. 024278
Francis J. Gorman, P.C.
Federal Bar No. 00069
Michael S. Yang
Federal Bar No. 025951
GORMAN & WILLIAMS
Two North Charles Street
Baltimore, Maryland 21201
410-528-0600
410-528-0602 (facsimile)

Attorneys for Third Party
Defendant GSE Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _1st_ day of _October_, 2003, a copy of the

foregoing Memorandum in Support of GSE's Motion to Compel Production By WSC In

Response To GSE's Second Request For Production Of Documents was served by first-class

mail, postage prepaid, on:

Bruce R. Genderson, Esq.
Margaret A. Keeley, Esq.
Ann Sagerson, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
Counsel for Western Services
Corporation and George Utmel

and

John M.G. Murphy, Esq.
E. Scott Johnson, Esq.
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, MD 21202
(410) 685-1120
Counsel for Russian Research Center
The Kurchatov Institute

Francis J. Gorman, P.C.