IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSIAN RESEARCH CENTER, <br> THE KURCHATOV INSTITUTE <br><br> Plaintiff and <br> Counter Defendant, <br><br> vs. <br><br> WESTERN SERVICES CORPORATION, <br> *et al.* <br><br> Defendant and <br> Counter Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No.:  02CV3878 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF AND COUNTER DEFENDANT RUSSIAN
RESEARCH CENTER, THE KURCHATOV INSTITUTE'S RESPONSE TO
DEFENDANT AND COUNTER PLANTIFF'S MOTION TO AMEND**

Plaintiff and Counter Defendant Russian Research Center, The Kurchatov Institute ("KI"), by its undersigned counsel, pursuant to Local Rule 105.2, hereby responds to Western Services Corporation's ("WSC") Motion for Leave to Amend as follows.

Nearly six months ago this Court denied KI's second request for leave to amend its Complaint against WSC in an effort to "eliminate the prospect that the schedule in this case will be disrupted." See Order of the Court, May 19, 2003. Now, less than three months before discovery in this case is scheduled to conclude, and six months after this Court announced its intention to guard against actions that will disrupt the

508203.1

schedule of this case, WSC seeks to amend its Complaint and alleges defenses and claims upon which absolutely no discovery has been conducted.

Fully aware that Federal Rule 15 instructs leave to amend a complaint is to be "freely given", KI does not take lightly its opposition to WSC's motion. However, KI cannot ignore the fact that the late posture in which leave is requested, in light of the tight time line against which discovery already initiated must be conducted, places the parties in a precarious predicament.

As this Court is aware, discovery between the parties is still ongoing. While several depositions have yet to be conducted and WSC still has not fully responded to GSE's document requests, much of the discovery between the parties has already taken place. Nonetheless, WSC's proposed amendment alleges new defenses on which no party has conducted any discovery. The depositions of many of the key witnesses in this case (including WSC employees Konstantin Yakovlev, Dmitry Gavrilov and George Utmel, Sergey Zhigunov and numerous GSE employees) have already been conducted without an opportunity to question these witnesses about the newly raised issues. Requests for production of documents and interrogatories have

508203.1

been issued and (in most cases) responded to by all sides, but none addresses the newly raised defenses.

Many of the defenses and new factual allegations raised in WSC's amendment need to be addressed by the relevant witnesses, and requests for production and interrogatories on the subjects are proper and necessary to fully discover the true facts of this case. For example, WSC now alleges for the first time (although Mr. Utmel has personal knowledge of all the facts relevant to this case) that KI's copyright claims are barred by: an implied license; fraud on the copyright office; the doctrine of *scenes a faire*; the fact that KI's technology, if copied, was in the public domain; and that any infringement is *de minimis*, among others. See WSC's Fourteenth through Twentieth Defenses.

Clearly, KI needs to conduct further discovery as to any alleged license, and the documents supporting it, because of the impact a license may have on KI's damages. And, if KI's technology was obtained by WSC scientists from the public domain, as WSC's new Nineteenth Defense alleges, KI should be permitted to ask WSC's scientists where in the public domain they obtained, for example, the source code for KI's software.

Unfortunately, because discovery is little more than two months from completion, many of the key witness have already

508203.1

been deposed, document requests and interrogatories were long ago propounded and, in most cases, answered, but none of these issues had yet to be raised and, therefore, were not addressed.

Thus, KI's position is that, if justice requires that the new allegations be permitted at this late stage of discovery, justice likewise requires that the parties be given a full opportunity to discover the facts surrounding the new allegations. Accordingly, KI requests that if the Court finds it appropriate to allow WSC to amend its complaint at this late juncture, the Court extend the discovery deadline for three months so that proper discovery can be conducted regarding the new defenses and factual allegations alleged in WSC's amendment.

## CONCLUSION

For the reasons set forth above, KI requests that leave to amend be denied unless the Court grants all parties sufficient time to conduct discovery on the newly alleged issues.

```
                              /s/
          John M. G. Murphy
          Fed. Bar No.: 03811
          Jesse B. Hammock
          OBER, KALER, GRIMES & SHRIVER
          A Professional Corporation
          120 East Baltimore Street
          Baltimore, Maryland 21202
          (410) 685-1120 (tele.)
```

508203.1

        (410) 547-0699 (fax)

        Attorneys for Plaintiff and Counter Defendant Russian Research Center, The Kurchatov Institute

508203.1