IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: |
| v. | ) ) | AMD 02-3878 |
| WESTERN SERVICES CORP., et al., | ) ) | |
| Defendants and Third Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GSE SYSTEMS, INC. | ) ) | |
| Third Party Defendants. | ) ) ) | |

## GSE'S OPPOSITION TO WSC'S MOTION TO AMEND ITS COUNTERCLAIM AND THIRD PARTY COMPLAINT

Third Party Defendant, GSE Systems, Inc., opposes WSC's Motion To Amend Its Counterclaim and Third Party Complaint, and says as follows:

1. Under the existing Scheduling Order, motions to amend pleadings were to be filed by May 19, 2003. WSC is far too late.

2. WSC asked GSE for its consent to an amendment to the Third Party Complaint that WSC filed against GSE. GSE responded that it would consent to WSC adding new allegations and a new count if WSC would accommodate (1) the need for additional discovery as a result of the new allegations and the new count against GSE, and (2)

1

the current discovery delays and disputes. GSE asked WSC to join in a consent Motion To Extend the existing schedule. WSC refused. WSC knows its own needs, but seems reluctant to recognize the needs of other parties.

3.  For example:

    a.  The deposition of a key witness on WSC's side of the case, George Utmel, was begun on October 3, 2003 but not concluded. The lion's share of the information from WSC (perhaps much more) seems comes through and from Mr. Utmel. No new date has been set to resume and conclude this important deposition.

    b.  There is a pending discovery dispute over WSC's document production, or more precisely from GSE's view, the inadequacy thereof. Notice of the serving of a Motion To Compel and an Opposition concerning the disputed adequacy and completeness of WSC's document production have been filed with the Court. This dispute is going through the Local Rule 104.7 and 8 processes. GSE and WSC have agreed to extend the date for GSE's Reply Brief (and as a practical matter the official filing of the Motion To Compel with the Court pursuant to Section III.C.10.f). Nevertheless, despite a lengthy telephone conference on November 3 and the exchange of comprehensive letters since then, there are 14 outstanding Requests still not resolved. And if they are resolved by agreement, then additional documents will be produced by WSC at this late stage.

    c.  GSE and KI received from WSC just twelve days ago (by letter dated 11/5/03) eight WSC SimPort subcontracts, subcontract modifications, and/or

price proposals.    With all due respect, these should have been produced months earlier. Two are from (and dated in) 2000; one is from 2001; three are from 2002; and two are from 2003 (May and July).

    d.   There are damages witnesses who were recently listed and relied on in the report of WSC's damages expert, and some or all of these witnesses need to be deposed.

4.   WSC's proposed new count against GSE is for trademark infringement based on GSE's registration of two SimPort domain names. There are two responses to WSC's proposed amendment. First, GSE registered these domain names in February 2003. Such registrations are public record, easily searchable on the internet. This delay in response by WSC is not excusable, especially where WSC claims to own Simport as a trademark. Wildauer v. Frederick County, 993 F.2d 369, 372 (4th Cir. 1992) (motion to amend denied because the necessary information was available early on); Richard A. Givens, Manual of Federal Practice, section 3.60; Motions In Federal Court, 3d ed. Section 5.223. Second, WSC's trademark claim is based on common law. WSC's claim to a trademark was never registered by WSC. Under the law in the Fourth Circuit, a claim of trademark infringement based on an unregistered mark must be based on actual confusion, not the likelihood of confusion. This new count will require additional discovery on the actual confusion issue, discovery not contemplated when GSE reviewed the initial Third Party Complaint in February 2003 when WSC brought GSE into this suit. New interrogatories and document requests addressed to WSC on what evidence supports the actual confusion requirement will be needed. See Deasy v. Hill 833 F.2d 38, 40 (4th Cir. 1987) (denial of motion to

amend affirmed where belated claim would change the nature of the litigation);

Burton v. Youth Services International, 176 F.R.D. 517 (D.Md. 1997) (motion denied where discovery substantially completed).

5.   WSC's Amended Counterclaim and Third Party Claim do not seek any relief against KI. This is a strange theory and needs to be explored.

6.   For these reasons, WSC's motion to amend its Counterclaim and Third Party Complaint should denied. In the alternative, if the Court grants the motion to amend, WSC should be directed to work with opposing counsel on a proposed extension to the existing schedule for joint presentation to, and approval by, the Court. Two separate forms of order to those effects are attached, and GSE asks the Court to enter one of them.

_____/s/_____
Francis J. Gorman, P.C.
Charles L. Simmons, Jr.
Michael S. Yang
GORMAN & WILLIAMS
Two North Charles Street
Baltimore, Maryland 21201
410-528-0600
410-528-0602 (facsimile)

Attorneys for Third Party
Defendant GSE Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of November, 2003, a copy of GSE Systems, Inc.'s Opposition To WSC's Motion To Amend Its Counterclaim and Third Party Complaint was filed electronically and was served on the following registered users to whom electronic notice is sent upon filing:

4

Bruce R. Genderson, Esq.
Margaret A. Keeley, Esq.
Ann Sagerson, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
Counsel for Western Services
Corporation and George Utmel

       and

John M.G. Murphy, Esq.
E. Scott Johnson, Esq.
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, MD 21202
(410) 685-1120
Counsel for Russian Research Center
The Kurchatov Institute


_____/s/_____
Francis J. Gorman, P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| RUSSIAN RESEARCH CENTER<br>THE KURCHATOV INSTITUTE,<br><br>      Plaintiff,<br><br>v.<br><br>WESTERN SERVICES CORP., et al.,<br><br>          Defendants and<br>          Third Party Plaintiff,<br><br><br>v.<br><br>GSE SYSTEMS, INC.<br><br>          Third Party<br>          Defendants. | )<br>)<br>)<br>)<br>)     Civil Action No.:<br>)<br>)     AMD 02-3878<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of WSC's Motion To Amend, and upon consideration of the oppositions filed against WSC's Motion, it is this ____ day of November 2003

ORDERED that WSC's Motion To Amend is denied.

                                        _____
                                        Andre M. Davis
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

RUSSIAN RESEARCH CENTER )
THE KURCHATOV INSTITUTE, )
)
    Plaintiff, )
) Civil Action No.:
v. )
) AMD 02-3878
WESTERN SERVICES CORP., et al., )
)
            Defendants and )
            Third Party Plaintiff, )

## **ORDER**

    Upon consideration of WSC's Motion To Amend, and upon consideration of the oppositions filed against WSC's Motion, it is this ____ day of November 2003

    ORDERED that WSC's Motion To Amend is granted, provided that within ten (10) days from the date of this Order all parties shall confer together and then jointly submit a proposed extension of the dates in the existing Scheduling Order for consideration by the Court in connection with the entry of a modified Scheduling Order.

                              _____
                              Andre M. Davis
                              United States District Judge