IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| RUSSIAN RESEARCH CENTER<br>THE KURCHATOV INSTITUTE,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN SERVICES CORP., et al.,<br><br>    Defendants and<br>    Third Party Plaintiff,<br><br>v.<br><br>GSE SYSTEMS, INC.<br><br>    Third Party<br>    Defendants. | Civil Action No.:<br><br>AMD 02-3878 |

**GSE'S NOTICE OF CORRECTION AND SUPPLEMENTATION OF SEVERAL STATEMENTS IN ITS OPPOSITION TO WSC'S MOTION TO AMEND ITS COUNTERCLAIM AND THIRD PARTY COMPLAINT**

Third Party Defendant, GSE Systems, Inc., files this Notice to correct several erroneous statements and to supplement another statement made in its Opposition (filed yesterday, November 17, 2003) to WSC's Motion To Amend Its Counterclaim and Third Party Complaint.

1. The Opposition incorrectly states in paragraph 4 that a claim of trademark infringement based on an unregistered mark must be based on actual confusion. The correct statement is that claims for trademark infringement are based on likelihood of confusion for marks that are registered and for marks that are not registered. See Acme Pad Corporation v. Warm Products Incorporated, 26 Fed. Appx. 271, 275,

1

2002 U.S. App. LEXIS 1043, **8-**9 (4th Cir. 2002); Giant Brands, Inc. v. Giant Eagle, Inc., 228 F. Supp. 2d 646, 651 (D. Md. 2002). The correct statement regarding actual confusion is that to recover damages a Lanham Act plaintiff must prove actual confusion among customers. Web Printing Controls Co., Inc. v. Oxy-Dry Corp., 906 F.2d 1202, 1205-06 (7th Cir. 2000); The Teaching Company Limited Partnership v. Unapix Entertainment, Inc., 87 F. Supp 2d 567, 588 (E.D. Va. 2000). WSC's amended Counterclaim and Third Party Complaint (paragraph 1 on page 37) prays for compensatory and consequential damages that may not be recovered absent proof of actual confusion. Thus, discovery is needed on whether there is any actual confusion.

2. The Opposition incorrectly states in paragraph 3a that no date has been set to resume Mr. Utmel's deposition. The correct statement is that his deposition had been rescheduled for November 20-21, 2003, but today new scheduling difficulties for this deposition arose.

3. The statement in paragraph 3c of the Opposition that eight SimPort subcontracts, subcontract modifications, and/or price proposals were only recently produced should be supplemented. By fax-letter received today (November 18), WSC's counsel stated that WSC would now make available for inspection at WSC's headquarters in Frederick, Maryland, "a large volume of documents" (cancelled checks, invoices, bank statements and other documents) supporting WSC's tax returns and related to simulation technology.

_____/s/_____<br>
Francis J. Gorman, P.C.

Charles L. Simmons, Jr.
Michael S. Yang
GORMAN & WILLIAMS
Two North Charles Street
Baltimore, Maryland 21201
410-528-0600
410-528-0602 (facsimile)

Attorneys for Third Party
Defendant GSE Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of November, 2003, a copy of GSE Systems, Inc.'s Notice of Correction and Supplementation was filed electronically and was served on the following registered users to whom electronic notice is sent upon filing:

Bruce R. Genderson, Esq.
Margaret A. Keeley, Esq.
Ann Sagerson, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
Counsel for Western Services
Corporation and George Utmel

and

John M.G. Murphy, Esq.
E. Scott Johnson, Esq.
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, MD 21202
(410) 685-1120
Counsel for Russian Research Center
The Kurchatov Institute

_____/s/_____
Francis J. Gorman, P.C.

U:\CLIENT\STPAUL\GSE Systems\Pleadings\GSE Motion Compel Prod. By WSC 9.25.03 Resp.GSE.doc