# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSSIAN RESEARCH CENTER ) <br> THE KURCHATOV INSTITUTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WESTERN SERVICES CORP., et al., ) <br> ) <br> Defendants and ) <br> Third-Party Plaintiff, ) <br> v. ) <br> ) <br> GSE SYSTEMS, INC. ) <br> ) <br> Third-Party ) <br> Defendants. ) | Case No.: AMD 02-3878 |

## WESTERN SERVICES CORPORATION'S REPLY
## TO PLAINTIFF'S AND THIRD PARTY DEFENDANT'S
## OPPOSITION TO WESTERN'S MOTION TO AMEND

Leave to amend should be denied only when there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Fed. R. Civ. P. 15(a) (motions for leave to amend pleadings "shall be freely given when justice so requires.") Western Services Corporation ("Western") simply seeks to amend its pleadings to conform to the evidence adduced thus

far in discovery, and neither of the opposing parties has shown – nor can they – undue delay, bad faith, failure to cure deficiencies, undue prejudice or futility of the amendment. Although the opposing parties halfheartedly argue that they will be prejudiced by the amendment, a close reading of their oppositions reveal that what they really hope to do is to extend the discovery deadline.[1]

### NO PARTY WILL BE PREJUDICED BY WESTERN'S AMENDMENT

The Russian Research Center, the Kurchatov Institute ("Kurchatov") and GSE Systems, Inc. ("GSE") argue that they will be prejudiced if Western's motion to amend is granted because Western alleges new defenses and claims[2] "upon which

---

[1] Indeed, the vast majority of GSE's opposition is devoted to arguing that GSE *generally* needs more time to conduct discovery, while barely even attempting to relate the need for additional discovery to Western's motion for leave to amend. See GSE's Opposition to WSC's Motion to Amend its Counterclaim and Third Party Complaint ¶¶ 2,3,5 (hereinafter "GSE Opp."). GSE's third paragraph, which consumes one full page of an opposition that is less than four pages long, is entirely devoted to alleged on-going discovery issues that have nothing to do with Western's motion for leave to amend. Where GSE does try to relate the need for additional discovery to Western's motion for leave to amend, the arguments are simply non-sensical: "WSC's Amended Counterclaim and Third Party Claim do not seek any relief against KI. This is a strange theory and needs to be explored." See GSE's Opposition ¶ 5. GSE's only substantive attempt to relate the need for additional discovery to Western's motion for leave to amend is discussed infra note 2.

[2] Western has not asserted any new claims against Kurchatov; it has only added defenses. Thus Western's Reply will focus primarily on the amendment as it relates to the new defenses. The one new claim against GSE, trademark infringement pursuant to 15 U.S.C. 1125 (d), is based on GSE's registration of two new internet domain names. Western was not aware of these registrations when it filed its Answer, Counterclaims and Third-Party claims in February. GSE initially argues that Western's motion should be denied because GSE registered the names in February 2003 and "[s]uch registrations are public record," thus making Western's "delay …[in]excusable." See GSE Opp. ¶ 4. Even assuming Western could have learned of the domain names in February 2003, the Fourth Circuit has repeatedly held that "[d]elay alone, without prejudice, does not support the denial of a

absolutely no discovery has been conducted."[3]  See, e.g., Plaintiff and Counter Defendant Russian Research Center, The Kurchatov Institute's Response to Defendant and Counter Plaintiff's Motion to Amend at 2 (hereinafter "Kurchatov Opp."). This assertion is inaccurate for three reasons. First, little to no discovery is required for the new defenses. Second, discovery relevant to Western's proposed amendments has already been conducted. Third, to the extent additional discovery is necessary, the parties have plenty of time to conduct that discovery.

---

motion for leave to amend." Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987); Sweetheart Plastics, Inc. v. Detroit Forming, Inc., 743 F.2d 1039, 1044 (4th Cir. 1984) ("Absent prejudice to the opposing party, the mere fact that an amendment is offered late in the case is not enough to bar it.")  In addition, although GSE argues that it needs additional time to conduct discovery based on actual confusion because "the actual confusion issue was not contemplated when GSE reviewed the initial Third Party Complaint," Western had asserted an unfair competition claim pursuant to 15 U.S.C. 1125 (a) against GSE in its initial Third Party complaint which alerted GSE to the need to conduct discovery on the issue of actual confusion. Indeed, the case that GSE cites in its Notice of Correction regarding actual confusion is based on a claim pursuant to 15 U.S.C. 1125 (a). See Web Printing Controls Co., Inc. v. Oxy-Dry Corp., 906 F.2d 1202, 1205-06 (7th Cir. 1990). Moreover, GSE has already sought discovery on this very issue, requesting it its first request for the production of documents, "[a]ll documents concerning or relating to Your claim for damages or the methods used to calculate such alleged damages." See Exhibit A. Finally, there are still two months left in the discovery period, leaving GSE plenty of time to conduct additional discovery on this new claim.

[3] Kurchatov also argues that the Court should deny Western's motion because it previously denied Kurchatov's *second* request for leave to amend its complaint. First, the Court denied Plaintiff's second request for leave to amend its Complaint in order for Kurchatov to add new parties, but granted Kurchatov's leave to amend the Complaint to add four new claims against Western (with no objection from Western).  GSE likewise argues that Western's motion should be denied because, under the existing Scheduling Order, motions to amend pleadings were to be filed by May 19, 2003. Discovery, however, had just begun at that time and Western did not possess the facts sufficient to set forth these new defenses.

3

First, even if discovery in this case had already been completed – which it has not – prejudice would not result from the amendment of pleadings "if the new [claims or defenses] arise[] from a similar set of operative facts and a similar time as existing [claims or defenses]." Bleiler v. Cristwood Contracting Co., Inc., 868 F. Supp. 461, 463 (D. Conn. 1994), *overruled in part on other grounds,* 72 F.3d 13 (2d Cir. 1995). Each of Western's new defenses arise from the same set of facts and a similar time frame as the existing claims and defenses, all are related to Kurchatov's copyright infringement claims, and none should have come as a surprise to the opposing parties. For example, Western's proposed seventeenth, eighteenth, nineteenth, twentieth, and twenty-second defenses are all standard copyright defenses which the parties should have anticipated, see 4 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 13.03 (Matthew Bender Supp. 2003), and which Kurchatov clearly did anticipate. For instance, Western's proposed seventeenth defense is based on the theory that Kurchatov's claims fail because Western's software program is not substantially similar to Kurchatov's program. Kurchatov was aware of this defense when it drafted its first amended complaint. See, e.g., Kurchatov's First Amended Complaint ¶ 58 ("the programs now sold by Defendants are, at a minimum, substantially similar to KI's SimPort program.") (emphasis added).[4]

---

[4] Indeed, it is Kurchatov's burden to prove that Western's SimPort is substantially similar to Kurchatov's technology. See, e.g., Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1542 (11th Cir. 1996) (a plaintiff claiming copyright infringement as a result of the copying of computer source code must prove "that the copying of the copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.") The other aforementioned defenses are factors that weigh in that determination. See Nimmer, supra § 13.03.

Moreover, the remaining new defenses (implied non-exclusive license, copyright misuse, fraud on the copyright office and mitigation of damages) also arise from the same set of facts, were unknown to Western when it filed its initial pleadings, and – given the nature of the defenses – require little to no additional discovery. Indeed, to the extent that documentation exists for the defenses of copyright misuse or fraud on the copyright office, those documents are in the possession of Kurchatov or GSE, not Western.

Second, significant discovery has been conducted on these very issues. Most of Western's new defenses, i.e., lack of substantial similarity, de minimis, *scenes a faire*, public domain, and the merger doctrine, are defenses that will ultimately revolve around a review of the copyrighted works and the alleged infringing works. Western has produced all versions of its SimPort software and presumably Kurchatov has produced the copyrighted works that it claims were infringed. In addition, Kurchatov and GSE have collectively propounded 58 document requests and 20 interrogatories to Western, many of which are directly related to these new defenses. For example, Kurchatov's Document Request No. 9 *inter alia* would clearly have captured any and all relevant documentation bearing on Western's implied non-exclusive license defense: "all documents that evidence … any agreement between KI and Western regarding the use of KI scientists and/or KI information, technology and material (including but not limited to KI's "patents" and

"know-how") to develop, create or execute any computer software product for marketing, licensing or sale in the United States."[5] See Exhibit B.

Finally, and perhaps most importantly, to the extent that further discovery is necessary, Kurchatov and GSE have plenty of time to conduct that discovery. Western filed its motion for leave to amend on October 30, 2003. At that time, there were over three months left in the discovery period, and even as of today, there are still over two months remaining. Moreover, both Kurchatov and GSE have acknowledged that the key witness from Western's side is Mr. George Utmel. See GSE Opp. at 2; Kurchatov Opp. at 3. Although Kurchatov implies in its opposition that Mr. Utmel has already been fully deposed,[6] see Kurchatov Opp. at 2, Mr. Utmel is scheduled for two days of additional deposition testimony in January. Kurchatov and GSE, therefore, have plenty of time to prepare for and fully examine Mr. Utmel, the witness who they believe possesses the

---

[5] See also GSE's Second Request For the Production of Documents, Request No. 1: "all documents relating to AIS-95, SimPort, SimPort 1997 and SimPort 2000." See Exhibit C.

[6] In addition, Kurchatov suggests that many of the key witnesses, including GSE employees, have already been deposed, thus hampering Kurchatov's ability to question those witnesses about the "newly raised issues." See Kurchatov Opp. at 2. Contrary to what is stated in Kurchatov's Opposition, however, only two Western employees – Yakovlev and Gavrilov – have been fully deposed. Sergey Zhigunov is not a Western employee and, as noted above, Utmel is scheduled for two more days of deposition. Moreover, Western is seeking to amend its pleading primarily to add new *defenses* to *Kurchatov's* copyright claims and thus the majority of the information to be discovered in depositions will reside with Kurchatov's and Western's witnesses, not GSE's. Thus the fact that some GSE employees have already been deposed will cause no prejudice to Kurchatov and certainly none to GSE.

"lion's share of the information from WSC," see GSE Opp. at 2, on Western's new defenses and its one new claim.

Justice requires that Western's motion for leave to amend be granted. Western obtained facts in the course of discovery and seeks simply to conform Western's pleadings to the facts revealed to date. No party will be prejudiced by Western's amendment and thus there is no good reason to deny Western's motion for leave to amend.

## **CONCLUSION**

For the foregoing reasons, Western respectfully requests that its motion for leave to file an amended Answer, Defenses, Counterclaim and Third Party Claim be granted.

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP


        By:   _____/s/_____
              Bruce R. Genderson (Bar No. 02427)
              George A. Borden (Bar No. 06268)
              Margaret A. Keeley (Bar No. 15654)
              Ann N. Sagerson (Bar No. 15821)

        725 Twelfth Street, N.W.
        Washington, D.C.  20005
        (202) 434-5000

        *Counsel for Western Services Corporation and George Utmel*

Dated: December 1, 2003

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply to Plaintiff's and Third Party Defendant's Opposition to Western's Motion to Amend was served electronically and by first-class mail to the following parties on December 1, 2003:

>John M.G. Murphy, Esq.
>Ober, Kaler, Grimes & Shriver, P.C.
>120 East Baltimore Street
>Baltimore, MD 21202
>
>Charles L. Simmons, Jr., Esq.
>Gorman & Williams
>Two North Charles Street
>Suite 750
>Baltimore, MD 21201

_____/s/_____
Ann N. Sagerson