IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| RUSSIAN RESEARCH CENTER THE KURCHATOV INSTITUTE, | * |
| Plaintiff/Counterclaim Defendant, | * |
| v. | * |
| WESTERN SERVICES CORP., et al., | * |
| Defendant/Counterclaim Plaintiff/ Third Party Plaintiff, | * Civil Action No.: |
| v. | * AMD 02-3878 |
| GSE SYSTEMS, INC., | * |
| Third Party Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### GSE SYSTEMS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO WESTERN SERVICES CORP.

Pursuant to Federal Rules 26 and 34 and Local Rule 104, Third-Party Defendant GSE Systems, Inc. requests that Third-Party Plaintiff, Western Services Corporation permit the inspection and copying of the following documents at the offices of Gorman & Williams, Two North Charles Street, Suite 750, Baltimore, Maryland 21201 within the time permitted by law.

### INSTRUCTIONS

1. You are required to serve a written response upon undersigned counsel for Third Party Defendant within thirty (30) days of the date of service of these Requests for Production of Documents, pursuant to Federal Rule of Civil Procedure 34(b).

2. Your failure to respond as required by the Federal Rules of Civil Procedure to these questions within the time required may result in entry of a judgment against you, the assessment of additional attorneys fees against you, or other sanctions of the

Court.

3. Any document falling within the scope of this request which is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in writing by title, addressee, addressor, date and topic covered and listed with a statement of the ground alleged for withholding such document, and shall identify all persons who have seen or have had possession, custody or control of the documents (or any portions thereof), and the name and address of the person presently in possession of the document.

4. Any document requested herein that is not in your immediate physical possession, but which you have a right to compel production from a third party or agent or which is otherwise subject to your control, shall be obtained and produced as directed.

5. You shall produce all documents in a form which renders the documents susceptible to copying. Further, you shall produce all documents according to the specific request to which the documents are responsive or as they are kept in the usual course of business. The selection of documents from files and other sources shall be performed in such a manner as to insure that the file or other source from which a document is obtained may be identified.

6. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

7. If you are unable to comply fully with any request herein, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible. In the event that any of the documents called for by this request were formerly in your possession, custody or control, and have been lost or destroyed, those documents are to be identified in writing as follows: addressor, addressee, persons who prepared or authorized the documents, indicated or blind copies, dates of preparation or transmittal, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, dates of loss or destruction, and if destroyed, the manner of destruction, reason for destruction, person authorizing destruction, and person destroying the documents.

8. All requests herein are directed to those documents within your possession, custody or control, or within the possession, custody or control of your agents, servants and employees, and your attorneys.

9. Documents are to be produced in full and in their unexpurgated form; redacted documents shall not constitute compliance with this request, unless such documents are redacted pursuant to any claim of privileges set forth above in Instruction 3.

10. Unless otherwise indicated, this Document Request refers to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

11. All objections to category of documents to be produced pursuant to this request or to the definitions or instructions contained herein shall be made in writing and delivered to the offices of Gorman & Williams, Suite 750, Two North Charles Street, Baltimore, Maryland within thirty (30) days of the date of this Request.

12. This document request is continuing in nature, so as to require you to produce any additional documents received or discovered before trial, pursuant to Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

Whenever used in these Requests for Production of Documents, the following terms shall have the following meanings:

1. "Communication" shall mean any form of contact or communication between two or more individuals, including discussion or conversation, telephone or other electronic communication, writings of all types and any other manner of contact or communication.

2. "Document" as used herein is coextensive with the meaning of the terms "Document" and "tangible things" under Rule 34(a) of the Federal Rules of Civil Procedure and shall have the broadest possible meaning and the interpretation ascribed to the terms "Document" and "tangible things" under Rule 34(a) including, without limitation, the following items, whether printed, recorded, reproduced by a mechanical, computer or photographic process, or written or produced by hand: agreements, communications, reports, invoices, accounts payable and accounts receivable materials, checks, canceled checks, bank statements, wire transfers, wire transfer receipts, billing statements, time logs, correspondence, telegrams, memoranda, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, diaries, graphs, computer printouts, statistical or other data, notebooks, note charts, plans, opinions or reports of

consultants, photographs, slides, microfilm, microfiche, motion picture film, video graphic and/or audio graphic materials, materials that can be reviewed/printed from or by a computer, brochures, pamphlets, advertisements, circulars, press releases, newspapers, magazines, trade journals, drafts, letters, appointment books, calendars, desk pads, logs, minutes of meetings, invoices, entries in books of account, computer disks, any marginal comments or notes appearing on any documents and all other writings of whatever type or nature.

3. "Person" includes a corporation, partnership, other business association or entity, and any government or governmental body, commission board or agency, including any agents, employees, servants, representatives and attorneys; and also any natural person, a group of natural persons acting as individuals, a group of individuals acting in a collegial capacity, any trust partnership, corporation, joint venture, sole proprietorship or firm.

4. "Relate to" or "Relating to" means constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with or pertaining to in any way.

5. "WSC," "You," and "Your" means Western Services Corporation, and any attorneys, accountants, employees, agents, representatives, or other persons acting or purporting to act on your behalf.

## DOCUMENTS TO BE PRODUCED

1. All Documents Identified or referred to in Your Answers to Interrogatories propounded by Third-Party Defendant GSE Systems, Inc.

2. All Documents concerning or relating to Your claim for damages or the methods used to calculate such alleged damages.

4

```
                              /s/ Francis J. Gorman
                              _____
                              Francis J. Gorman, P.C.
                              Federal Bar No. 00069
                              Charles L. Simmons Jr. P.C.
                              Federal Bar No. 024278
                              Michael S. Yang
                              Federal Bar No. 025951

                              GORMAN & WILLIAMS
                              Two North Charles Street
                              Baltimore, Maryland 21201
                              410-528-0600
                              410-528-0602 (facsimile)

                              Attorneys for Third Party
                              Defendant GSE Systems, Inc.
```

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of April, 2003, a copy of GSE Systems, Inc. First Request for Production of Documents to Western Services Corporation was served via fax and first class mail, postage prepaid to:

> Bruce R. Genderson, Esq.
> Margaret A. Keeley, Esq.
> Ann Sagerson, Esq.
> Williams & Connolly, LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005
> (202) 434-5000
> Counsel for Western Services
> Corporation and George Utmel

and

> John M.G. Murphy, Esq.
> E. Scott Johnson, Esq.
> Ober, Kaler, Grimes & Shriver, P.C.
> 120 East Baltimore Street
> Baltimore, MD 21202
> (410) 685-1120
> Counsel for Russian Research Center
> The Kurchatov Institute

_____
Charles L. Simmons Jr.