IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| RUSSIAN RESEARCH CENTER<br>THE KURCHATOV INSTITUTE<br>      Plaintiff and<br>      Counter Defendant,<br><br>vs.<br><br>WESTERN SERVICES CORPORATION,<br>      <u>et al.</u><br>      Defendants and<br>      Counter Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO: AMD 02 CV3878<br>)<br>)<br>) |

## PLAINTIFF AND COUNTER DEFENDANT RUSSIAN RESEARCH CENTER, THE KURCHATOV INSTITUTE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Plaintiff and Counter Defendant Russian Research Center, The Kurchatov Institute ("KI"), by its undersigned attorneys, hereby requests that Defendant Western Services Corporation ("Western") produce the following documents for inspection and copying by Plaintiff at a mutually agreeable time and place within thirty (30) days of the date of service of this request.

### DEFINITIONS

a. As used herein, "you," "your," "Western", or "Defendant" shall mean Defendant Western Services Corporation, its predecessors and successors, and all its agents, servants, representatives, employees and attorneys, unless the context indicates otherwise.

b. As used herein, "SIMPORT" or the "SIMPORT mark" shall mean the simulation software known at different times as AIS '95, SimPort '95, SimPort '97 and/or SimPort 2000, as well as

any prior or subsequent versions, components or constituent parts thereof.

   c.   As used herein, the term "Outmelidze" shall mean defendant Guia Outmelidze (a/k/a George Utmel), his predecessors and successors, and all his agents, servants, representatives, employees and attorneys unless the context indicates otherwise.

   d.   As used herein, the term "Plaintiff" or "KI" shall mean plaintiff Russian Research Center, the Kurchatov Institute, its parents, subsidiaries, affiliates, predecessors and successors, all its divisions, branches and offices, including but not limited to INTERDCM Corporation, and all its officers, directors, agents, servants, representatives, employees and attorneys, unless the context indicates otherwise.

   e.   As used herein, the term "SAIC" means Science Applications International Corporation, and all its officers, directors, agents, servants, representatives, employees and attorneys, unless the context indicates otherwise.

   f.   As used herein, the term "DS&S" refers to Data Systems & Solutions, and all its officers, directors, agents, servants, representatives, employees and attorneys, unless the context indicates otherwise.

   g.   As used herein, "person" shall include any natural person, proprietorship, partnership, firm, group, association, corporation, governmental agency or other legal or business entity.

   h.   As used herein, "document" shall include, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes, or underlinings on the copy, or otherwise), regardless of origin or location, of any written, typed, printed, electronic, digital, or graphic matter, however produced or reproduced, and electrical or magnetic sound or video recordings, film or photographic prints, and any other writings or recordings of every kind and description, including but not limited to papers, letters, correspondence, e-mail, agreements, contracts, telegrams, notes, notations, translations, memoranda, including memoranda of conversations or meetings, notebooks, reports, articles, books, internet web pages and related electronic, digital or magnetically stored information, tables, charts, graphs, blueprints, specifications, change-orders, consultant reports, bids, solicitations, performance standards, contracts,

subcontracts, purchase orders, drawings, lists, surveys, diaries, diary entries, facsimiles, specimens, models, schedules, accounts, ledgers, audits, indices, and drafts, revisions or amendments of any of the above, and generally, any kind of tangible, permanent records which are now, or formerly were, in your possession, custody or control, or which were known by you to exist, and which can be located or discovered by reasonably diligent efforts.

    i. As used herein, "evidence, refer to, relate to, reflect or embody" shall mean constitute, comprise, contain, set forth, evidence, show, disclose, describe, explain, summarize or refer or relate to, directly or indirectly.

    j. The "other things" that you are requested to produce include, but are not limited to, photographs, test samples, raw material and any "real evidence" that is not in the form of a document.

    k. As used herein, "the Complaint" shall refer to the Plaintiffs' Complaint filed in the captioned action.

    l. As used herein, "the Occurrence" shall refer to the occurrence described in the Complaint that is the subject of this action.

    m. As used herein, the term "scientists" shall refer to the computer software engineers, developers or programmers who previously worked for, or were associated with, KI and now are employed by, or provide services as a subcontractor, independent consultant or otherwise, to Western.

    n. Where a particular document is described, e.g., medical records, notes, etc., such description shall be deemed to include any and all originals, revisions and drafts of such documents.

    o. Where a complete production to a particular request is not possible, the production should be made to the extent possible and the response should indicate why only partial production could be made.

    p. This request includes the production of all non-identical copies, including drafts and copies upon which notes or comments have been made.

q. Each document produced is to be complete and legible in its entirety.

r. "Communication" shall mean any form of contact or communication between two or more individuals, including discussion or conversation, telephone or other electronic communications, writings of all types or any other manner of contact or communication.

## INSTRUCTIONS

A. If any document is withheld under claim of privilege, furnish a list identifying each such document for which a privilege is claimed, including the following information: date, identity of author, sender or addressee of each such document, identity of each person to whom a copy was furnished, type of document (e.g., memorandum, note, letter, etc.), present location and identity of person in possession, custody or control of each document, together with the subject matter of each such document and the basis on which the asserted privilege is claimed.

B. In the event that any document or other thing referred to in these requests is not in your possession, custody or control, specify what disposition was made of it and identify the person who now has possession, custody or control of the document or thing.

C. In the event that any document or other thing referred to in these requests has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction, and the custodian of the document or other thing at the time of destruction.

\*   \*   \*   \*   \*   \*

**REQUEST NO. 1:**

The source code for each and every computer software program, or simulation package using computer software, that was marketed, sold or licensed at any time under the mark SIMPORT, as defined in paragraph b, above.

478506.1                                  4

REQUEST NO. 2:

The source code for every software program marketed, licensed, sold, or planned to be marketed, licensed or sold by you or on your behalf at any time since the calendar year 1995 that is or purports to be all or part of a simulation program or package for use by nuclear or fossil fuel power plants, regardless of the marks under which such program or programs was or is planned to be marketed, licensed, or sold, together with all prior versions of the software program and/or any of its components.

REQUEST NO. 3:

Every prior version of software on which any computer software program marketed, licensed or sold in whole or in part under the mark SIMPORT was based.

REQUEST NO. 4:

Every subroutine, engine, or other such component or constituent part of any software program marketed, licensed or sold in whole or in part under the mark SIMPORT, the source of which constituent part was another computer software program.

REQUEST NO. 5:

All memos, email, correspondence, notes, reports and other such documents generated or transmitted in the course of developing, creating or executing any computer software program

marketed, license or sold in whole or in part under the mark SIMPORT.

**REQUEST NO. 6:**

All notes, flow charts, diagrams, directories, manuals, design documents, status reports, written instructions, workbooks, installation reports, output reports, release history and similar planning and testing materials used or generated in the course of developing, creating or executing any computer software marketed, licensed or sold in whole or in part under the mark SIMPORT.

**REQUEST NO. 7:**

All information received by you from any third party source used in any way in the development, creation and execution of any computer software marketed, licensed or sold in whole or in part under the mark SIMPORT.

**REQUEST NO. 8:**

All documents concerning any particular nuclear or fossil fuel power facility that was generated or received by you in connection with the development, creation and/or execution of any computer software marketed, licensed or sold in whole or in part under the mark SIMPORT, including but not limited to any and all contracts, agreements, purchase orders, statements of work, and understandings (directly or indirectly) between you and the power plant and all documents exchanged, received and/or

generated in the course of performing or planning to perform such contracts, agreements, purchase orders, statements of work or understandings.

**REQUEST NO. 9:**

All documents that evidence, refer to, relate to, reflect or embody any agreement between KI and Western regarding the use of KI scientists and/or KI's information, technology and material (including but not limited to KI's "patents" and "know-how") to develop, create or execute any computer software product for marketing, licensing or sale in the United States.

**REQUEST NO. 10:**

All documents that evidence any work done by any scientists associated with, or previously associated with, KI with respect to any computer software intended for marketing, licensing or sale in the United States, including the work product of its scientists, time records or other such records showing the work actually performed by said scientists, and the remuneration paid for the work performed by such scientists.

**REQUEST NO. 11:**

All documents that evidence, refer to, relate to, reflect or embody the immigration status of all scientists referred to in the previous interrogatory at the time they provided services relating to any computer software you anticipated marketing or licensing in the United States.

REQUEST NO. 12:

All documents that evidence, refer to, relate to, reflect or embody any payments made to KI for any information received from it, any computer software code or related materials received from it, the use of its scientists and other employees relating to the development, creation or execution of software intended for marketing or licensing in the United States, and/or any other aspect of the development and/or marketing of any software intended for its licensing or sale in the United States.

REQUEST NO. 13:

All documents that evidence, refer to, relate to, reflect or embody any information received from KI in the course of developing, creating or executing any computer software intended for marketing or licensing in the United States.

REQUEST NO. 14:

All documents that evidence, refer to, relate to, reflect or embody the use made by you or by any other person of any information received from KI in the course of developing, creating or executing any software intended for marketing or licensing in the United States.

REQUEST NO. 15:

All documents that evidence, refer to, relate to, reflect or embody the use made of any and all information received by any scientists associated with, or formerly associated with, KI in the course of developing, creating or executing any software intended for marketing or licensing in the United States.

REQUEST NO. 16:

All documents that evidence, refer to, relate to, reflect or embody any and all agreements or contracts entered into between Western and SAIC and/or DS&S with respect to the marketing, licensing or sale of any computer software under the marks SIMPORT and/or AIS-95.

REQUEST NO. 17:

All documents that evidence, refer to, relate to, reflect or embody any and all agreements entered into between Western and Outmelidze with respect to the marketing, licensing or sale of any computer software under the marks SIMPORT and/or AIS-95.

REQUEST NO. 18:

All documents that evidence, refer to, relate to, reflect or embody any and all monies exchanged between Western and any other person with respect to any computer software marketed, licensed or sold in whole or in part under the marks SIMPORT and/or AIS-95.

**REQUEST NO. 19:**

All documents that evidence, refer to, relate to, reflect or embody any sums received by Western, SAIC, DS&S, Outmelidze, and any other person or entity resulting from the sale or licensing of any software marketed under the marks SIMPORT and/or AIS-95.

**REQUEST NO. 20:**

All documents that evidence, refer to, relate to, reflect or embody the first use by any person or entity of the mark SIMPORT in the United States, including, but not limited to, the manner in which the mark was used, the manner by which the mark was disseminated to the public, the segment(s) of the public to which the mark was directed, and all documents that identify persons with personal knowledge of the first use of this mark.

**REQUEST NO. 21:**

All documents that evidence, refer to, relate to, reflect or embody the registration of the mark SIMPORT, including but not limited to all correspondence and communication with the United States Patent and Trademark Office and/or any other person or entity regarding the registration or proposed registration of the mark.

**REQUEST NO. 22:**

All documents that evidence, refer to, relate to, reflect or embody all revenue and profits earned by you or any other

person or entity from the use of the mark SIMPORT in commerce.

**REQUEST NO. 23:**

All documents that evidence, refer to, relate to, reflect or embody your receipt and/or use of any simulation software and related materials provided by KI, whether called AIS-95 or SIMPORT.

**REQUEST NO. 24:**

All documents evidencing the application of the mark SIMPORT to KI's AIS-95 simulation software, and/or any computer software program to which KI's SIMPORT and/or AIS-95 simulation software and/or any of its components was made a part.

**REQUEST NO. 25:**

All documents which evidence, relate to, refer to, reflect or embody any licenses entered into with respect to KI's SIMPORT and/or AIS-95 simulation software, and/or any software marketed or licensed in whole or in part under the mark SIMPORT.

**REQUEST NO. 26:**

All marketing materials, presentations, sales plans, and related correspondence and memoranda regarding attempts to sell or license any software program marketed in whole or in part under the mark SIMPORT and/or AIS-95.

**REQUEST NO. 27:**

All documents which evidence, refer to, relate to, reflect or embody your representation made in December 1997 to SAIC that

you owned or controlled, and had the right to license, all world-wide "patent" rights and "know how" associated with "the Kurchatov Technology."

**REQUEST NO. 28:**

All correspondence and communications between you and KI with respect to any simulation computer software and/or related technology.

**REQUEST NO. 29:**

All correspondence and communications between you and SAIC and/or DS&S with respect to any simulation computer software and/or related technology.

**REQUEST NO. 30:**

All correspondence and communications between Western and Outmelidze with respect to any simulation computer software and/or related technology.

_____
John M. G. Murphy
Fed. Bar No.: 03811
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120 (tele.)
(410) 547-0699 (fax)

Attorneys for Plaintiff and Counter Defendant Russian Research Center, The Kurchatov Institute

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2003, a copy of the foregoing was faxed and sent via Federal Express to:

Bruce R. Genderson, Esq.
Margaret A. Keeley, Esq.
Ann Sagerson, Esq.
Williams & Connolly
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Defendants and Counter Plaintiffs
Western Services Corporation and George Utmel

And

Francis J. Gorman, Esq.
Charles L. Simmons, Esq.
Michael S. Yang, Esq.
Gorman and Williams
Two North Charles Street
Baltimore, Maryland 21201

Attorneys for Counter Defendant
GSE Systems, Inc.

_____
John M.G. Murphy