IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

RUSSIAN RESEARCH CENTER
THE KURCHATOV INSTITUTE,

    Plaintiff/Counterclaim Defendant,

v.

WESTERN SERVICES CORP., et al.,

    Defendant/Counterclaim Plaintiff/
    Third Party Plaintiff,

v.

GSE SYSTEMS, INC.,

    Third Party Defendant.

Civil Action No.:

AMD 02-3878

\* \* \* \* \* \* \* \* \* \* \* \* \*

## GSE SYSTEMS, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO WESTERN SERVICES CORP.

Pursuant to Federal Rules 26 and 34 and Local Rule 104, Third-Party Defendant GSE Systems, Inc. requests that Third-Party Plaintiff, Western Services Corporation permit the inspection and copying of the following documents at the offices of Gorman & Williams, Two North Charles Street, Suite 750, Baltimore, Maryland 21201 within the time permitted by law.

### INSTRUCTIONS

1. You are required to serve a written response upon undersigned counsel for Third Party Defendant within thirty (30) days of the date of service of these Requests for Production of Documents, pursuant to Federal Rule of Civil Procedure 34(b).

2. Your failure to respond as required by the Federal Rules of Civil Procedure to these questions within the time required may result in entry of a judgment against you, the assessment of additional attorneys fees against you, or other sanctions of the

Court.

3. Any document falling within the scope of this request which is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in writing by title, addressee, addressor, date and topic covered and listed with a statement of the ground alleged for withholding such document, and shall identify all persons who have seen or have had possession, custody or control of the documents (or any portions thereof), and the name and address of the person presently in possession of the document.

4. Any document requested herein that is not in your immediate physical possession, but which you have a right to compel production from a third party or agent or which is otherwise subject to your control, shall be obtained and produced as directed.

5. You shall produce all documents in a form which renders the documents susceptible to copying. Further, you shall produce all documents according to the specific request to which the documents are responsive or as they are kept in the usual course of business. The selection of documents from files and other sources shall be performed in such a manner as to insure that the file or other source from which a document is obtained may be identified.

6. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

7. If you are unable to comply fully with any request herein, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible. In the event that any of the documents called for by this request were formerly in your possession, custody or control, and have been lost or destroyed, those documents are to be identified in writing as follows: addressor, addressee, persons who prepared or authorized the documents, indicated or blind copies, dates of preparation or transmittal, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, dates of loss or destruction, and if destroyed, the manner of destruction, reason for destruction, person authorizing destruction, and person destroying the documents.

8. All requests herein are directed to those documents within your possession, custody or control, or within the possession, custody or control of your agents, servants and employees, and your attorneys.

9. Documents are to be produced in full and in their unexpurgated form; redacted documents shall not constitute compliance with this request, unless such documents are redacted pursuant to any claim of privileges set forth above in Instruction 3.

10. Unless otherwise indicated, this Document Request refers to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

11. All objections to category of documents to be produced pursuant to this request or to the definitions or instructions contained herein shall be made in writing and delivered to the offices of Gorman & Williams, Suite 750, Two North Charles Street, Baltimore, Maryland within thirty (30) days of the date of this Request.

12. This document request is continuing in nature, so as to require you to produce any additional documents received or discovered before trial, pursuant to Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

Whenever used in these Requests for Production of Documents, the following terms shall have the following meanings:

1. "Communication" shall mean any form of contact or communication between two or more individuals, including discussion or conversation, telephone or other electronic communication, writings of all types and any other manner of contact or communication.

2. "Document" as used herein is coextensive with the meaning of the terms "Document" and "tangible things" under Rule 34(a) of the Federal Rules of Civil Procedure and shall have the broadest possible meaning and the interpretation ascribed to the terms "Document" and "tangible things" under Rule 34(a) including, without limitation, the following items, whether printed, recorded, reproduced by a mechanical, computer or photographic process, or written or produced by hand: agreements, communications, reports, invoices, accounts payable and accounts receivable materials, checks, canceled checks, bank statements, wire transfers, wire transfer receipts, billing statements, time logs, correspondence, telegrams, memoranda, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, diaries, graphs, computer printouts, statistical or other data, notebooks, note charts, plans, opinions or reports of

3

consultants, photographs, slides, microfilm, microfiche, motion picture film, video graphic and/or audio graphic materials, materials that can be reviewed/printed from or by a computer, brochures, pamphlets, advertisements, circulars, press releases, newspapers, magazines, trade journals, drafts, letters, appointment books, calendars, desk pads, logs, minutes of meetings, invoices, entries in books of account, computer disks, any marginal comments or notes appearing on any documents and all other writings of whatever type or nature.

3. "Person" includes a corporation, partnership, other business association or entity, and any government or governmental body, commission board or agency, including any agents, employees, servants, representatives and attorneys; and also any natural person, a group of natural persons acting as individuals, a group of individuals acting in a collegial capacity, any trust partnership, corporation, joint venture, sole proprietorship or firm.

4. "Relate to" or "Relating to" means constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with or pertaining to in any way.

5. "WSC," "You," and "Your" means Western Services Corporation, and any attorneys, accountants, employees, agents, representatives, or other persons acting or purporting to act on your behalf. "DS&S," "You," and "Your" means Data Systems & Solutions, and any attorneys, accountants, employees, agents, representatives, or other persons acting or purporting to act on its behalf. "SAIC," "You," and "Your" means Science Applications International Corporation, and any attorneys, accountants, employees, agents, representatives, or other persons acting or purporting to act on its behalf.

## DOCUMENTS TO BE PRODUCED

REQUEST NO. 1: All documents relating to AIS-95, SimPort, SimPort 1997, or SimPort 2000 simulation technology.

REQUEST NO. 2: All documents relating to communications concerning simulation technology between or among any of the following: GSE, KI, WSC, Utmel, SAIC or DS&S.

4

REQUEST NO. 3: All documents relating to licensing or right to use agreements, actual or potential, between or among WSC, Utmel, DS&S, and/or SAIC in connection with simulation technology.

REQUEST NO. 4: All documents relating to communications between or among (a) WSC and/or SAIC and/or DS&S and (b) any third parties relating to SimPort, SimPort 1997, or SimPort 2000 technology and/or WSC, Utmel, DS&S or SAIC, including non-privileged documents relating to this litigation.

REQUEST NO. 5: All documents relating to internal WSC communications concerning simulation technology and KI, WSC, Utmel, SAIC or DS&S.

REQUEST NO. 6: All documents provided or shown to customers, actual or potential, by WSC, SAIC, and/or DS&S relating to SimPort, SimPort 1997, or SimPort 2000 simulation technology and/or software.

REQUEST NO. 7: All documents relating to the use of the "SimPort" name and/or mark by WSC, SAIC, and/or DS&S in connection with simulation technology including all documents relating to efforts to advertise, market or sell "SimPort" goods or services.

REQUEST NO. 8: All documents provided to WSC and/or Utmel from former employees of KI or GSE.

REQUEST NO. 9: All documents evidencing any direct or indirect exchange of money or other valuable consideration between or among WSC, Utmel, SAIC, and DS&S relating, directly or indirectly, to

5

SIMPORT.

REQUEST NO. 10:    The source code for each and every computer software program, or simulation package using computer software, that was marketed, sold or licensed at any time under the mark SIMPORT.

REQUEST NO. 11: The source code for every software program marketed, licensed, sold, or planned to be marketed, licensed or sold by you or on your behalf at any time since the calendar year 1995 that is or purports to be all or part of a simulation program or package for use by nuclear or fossil fuel power plants, regardless of the marks under which such program or programs was or is planned to be marketed, licensed, or sold, together with all prior versions of the software program and/or any of its components.

REQUEST NO. 12: Every prior version of software on which any computer software program marketed, licensed or sold in whole or in part under the mark SIMPORT was based.

REQUEST NO. 13: All memos, email, correspondence, notes, reports and other such documents generated or transmitted in the course of developing, creating or executing any computer software program marketed, license or sold in whole or in part under the mark SIMPORT.

REQUEST NO. 14:    All notes, flow charts, diagrams,

directories, manuals, design documents, status reports, written instructions, workbooks, installation reports, output reports, release history and similar planning and testing materials used or generated in the course of developing, creating or executing any computer software marketed, licensed or sold in whole or in part under the mark SIMPORT.

REQUEST NO. 15: All information received by you from any third party source used in any way in the development, creation and execution of any computer software marketed, licensed or sold in whole or in part under the mark SIMPORT.

REQUEST NO. 16: All documents that evidence, refer to, relate to, reflect or embody any agreement between KI and Western regarding the use of KI scientists and/or KI's information, technology and material (including but not limited to KI's "patents" and "know-how") to develop, create or execute any computer software product for marketing, licensing or sale in the United States.

REQUEST NO. 17: All documents that evidence any work done by any scientists associated with, or previously associated with, KI with respect to any computer software intended for marketing, licensing or sale in the United States, including the work product of its scientists, time records or other such records showing the work actually performed by said scientists, and the remuneration paid for the work performed by such scientists.

REQUEST NO. 18: All documents that evidence, refer to, relate to, reflect or embody any payments made to KI for any information received from it, any computer software code or related materials received from it, the use of its scientists and other employees relating to the development, creation or execution of software intended for marketing or licensing in the United States, and/or any other aspect of the development and/or marketing of any software intended for its licensing or sale in the United States.

REQUEST NO. 19: All documents that evidence, refer to, relate to, reflect or embody any information received from KI in the course of developing, creating or executing any computer software intended for marketing or licensing in the United States.

REQUEST NO. 20: All documents that evidence, refer to, relate to, reflect or embody any and all agreements or contracts entered into between Western and SAIC and/or DS&S with respect to the marketing, licensing or sale of any computer software under the marks SIMPORT and/or AIS-95.

REQUEST NO. 21: All documents that evidence, refer to, relate to, reflect or embody any and all monies exchanged between Western and any other person with respect to any computer software marketed, licensed or sold in whole or in part under the marks SIMPORT and/or AIS-95.

REQUEST NO. 22: All documents that evidence, refer to, relate to, reflect or embody any sums received by Western, SAIC, DS&S,

Outmelidze, and any other person or entity resulting from the sale or licensing of any software marketed under the marks SIMPORT and/or AIS-95.

REQUEST NO. 23: All documents that evidence, refer to, relate to, reflect or embody all revenue and profits earned by you or any other person or entity from the use of the mark SIMPORT in commerce.

REQUEST NO. 24: All documents that evidence, refer to, relate to, reflect or embody all revenue and profits earned by WSC from the use, sale, or marketing of Simport simulation technology and/or software.

REQUEST NO. 25: All marketing materials, presentations, sales plans, and related correspondence and memoranda regarding attempts to sell or license any software program marketed in whole or in part under the mark SIMPORT and/or AIS-95.

REQUEST NO. 26: All correspondence and communications between or among WSC, Utmel, SAIC and/or DS&S with respect to any simulation computer software and/or related technology.

*Charles L. Simmons*

Charles L. Simmons Jr. P.C.
Federal Bar No. 024278
Francis J. Gorman, P.C.
Federal Bar No. 00069
Michael S. Yang
Federal Bar No. 025951

GORMAN & WILLIAMS
Two North Charles Street
Baltimore, Maryland 21201
410-528-0600
410-528-0602 (facsimile)

Attorneys for Third Party
Defendant GSE Systems, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of July, 2003, a copy of GSE Systems, Inc. Second Request for Production of Documents to Western Services Corporation was served via fax and first class mail, postage prepaid to:

Bruce R. Genderson, Esq.
Margaret A. Keeley, Esq.
Ann Sagerson, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
Counsel for Western Services
Corporation and George Utmel

and

John M.G. Murphy, Esq.
E. Scott Johnson, Esq.
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, MD 21202
(410) 685-1120
Counsel for Russian Research Center
The Kurchatov Institute

Francis J. Gorman, P.C.