```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                       (NORTHERN DIVISION)
```

RUSSIAN RESEARCH CENTER             *
THE KURCHATOV INSTITUTE,
                                    *
    Plaintiff/Counterclaim Defendant,
                                    *
v.
                                    *
WESTERN SERVICES CORP., et al.,
                                    *
    Defendant/Counterclaim Plaintiff/
    Third Party Plaintiff,          *   Civil Action No.:

v.                                  *   AMD 02-3878

GSE SYSTEMS, INC.,                  *

    Third Party Defendant.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER OF GSE SYSTEMS, INC. TO FIRST AMENDED THIRD
PARTY COMPLAINT OF WESTERN SERVICES CORP. AND DEMAND FOR JURY**

    Pursuant to Federal Rules of Civil Procedure 8, 12 and 14, Defendant GSE Systems, Inc. ("GSE"), by its undersigned attorneys, files this Answer to the First Amended Third Party Complaint of Western Services Corp. ("WSC") and says as follows:

    1.   GSE denies the allegations of Paragraph 1.

    2.   GSE admits that only KI and SAIC first began marketing KI's simulation software under the SimPort name in or about 1996. GSE denies the remaining allegations of Paragraph 2.

    3.   GSE denies that WSC developed "new" simulation software in 2000. GSE lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations of Paragraph 3 and therefore denies those allegations.

4. GSE denies the allegations of Paragraph 4.

5. GSE admits that KI is the owner of SimPort software and that it has granted an exclusive license to GSE to market and distribute the SimPort software in the United States. GSE denies the remaining allegations of Paragraph 5.

6. GSE admits that it has begun to market KI's simulation software under the SimPort name. The remaining allegations of Paragraph 6 are not allegations of fact requiring a response under Fed. R. Civ. P. 8. To the extent a response may be required, GSE denies the remaining allegations of Paragraph 6.

7. GSE admits the allegations of Paragraph 7.

8. GSE admits that it does not possess any alleged WSC technology. GSE denies the implication that it has ever requested permission from WSC to use the SimPort software that KI developed. GSE denies the remaining allegations of Paragraph 8.

9. GSE denies that the SimPort name is the intellectual property of WSC and that GSE needs WSC's permission to use KI's SimPort mark.

10. GSE denies the allegations contained in Paragraph 10.

11. GSE denies the allegation that WSC has any proprietary rights in the SimPort software. GSE denies the remaining allegations contained in Paragraph 11.

12. The allegations of Paragraph 12 are not allegations of fact requiring a response under Fed. R. Civ. P. 8. To the extent a

response may be required, GSE denies the allegations of Paragraph 12.

### Parties

13.  GSE admits the allegations of Paragraph 13.

14.  GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15.  GSE admits the allegations of Paragraph 15.

16.  GSE admits the allegations of Paragraph 16.

### Jurisdiction

17.  No response is required to the jurisdictional allegations of Paragraph 17.

18.  No response is required to the jurisdictional allegations of Paragraph 18.

19.  GSE admits that venue is proper in the District of Maryland.

### The Contractual Relationship Between WSC and KI

20.  GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies those allegations.

21.  GSE admits the allegations of Paragraph 21.

22.  GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies those allegations.

23. GSE denies that WSC introduced KI to SAIC. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies those allegations.

24. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegation that WSC and SAIC entered into a contractual relationship and therefore denies that allegation. GSE denies that WSC has directly paid KI any monies in exchange for work performed by KI engineers to customize the Sherco simulation model. GSE denies the remaining allegations of Paragraph 24.

25. GSE denies the allegations contained in Paragraph 25.

26. GSE denies the allegations contained in Paragraph 26.

27. GSE denies the allegations contained in Paragraph 27.

28. GSE denies the allegations contained in Paragraph 28.

29. GSE admits that, while in the United States, engineers employed by KI worked at offices provided by others. GSE denies the remaining allegations of Paragraph 29.

30. GSE denies the allegations contained in Paragraph 30.

31. GSE denies the allegations contained in Paragraph 31.

32. GSE denies the allegations contained in Paragraph 32.

### The Simulation Data Loads

33. GSE denies the allegations contained in Paragraph 33.

34. GSE admits that the Sherco, Armstrong and Arnot simulation data loads contain portions of KI's SimPort computer programming code, but denies that any computer programming code was developed by WSC. GSE denies the remaining allegations contained in Paragraph 34.

35. GSE admits that, when KI's engineers returned to Russia, they possessed the data loads for Sherco, Armstrong and Arnot, but denies that the data loads were "provided" by WSC. GSE denies the remaining allegations in Paragraph 35.

36. GSE denies that KI used any proprietary information of WSC in any presentations to GSE. GSE denies the remaining allegations of Paragraph 36.

37. GSE admits that WSC sent such a letter. GSE denies WSC's assertions contained in that letter.

38. GSE denies that KI has "refused to return the simulation data loads," as WSC is not entitled to the same.

**The Development of WSC's Current SimPort 2000 Software**

39. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Sherco contract was "over-due," or that WSC "desired" to start over with the creation of new and improved simulation software, and therefore denies those allegations. GSE admits that KI and WSC and others entered into a relationship whereby KI provided its employees to implement and develop software, and KI expected to retain its

proprietary interests in the software implemented and developed by KI's engineers, as well as to receive fair consideration from WSC and others for its efforts. GSE denies the remaining allegations of Paragraph 39.

40. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegation that KI would contribute "significant savings" by providing engineers KI employed to WSC, at substantially lower rates than labor available in the United States, or that WSC would provide the majority of funding for the development of software. GSE denies the remaining allegations of Paragraph 40.

41. GSE denies the allegations contained in Paragraph 41.

42. GSE denies that the KI engineers were "employees" of WSC in any respect during the relevant time period. GSE denies the remaining allegations of Paragraph 42.

43. GSE admits that WSC hired at least five of KI's engineers to develop simulation software. GSE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 and therefore denies those allegations.

44. GSE denies the allegations contained in Paragraph 44.

45. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies those allegations.

46.  GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies those allegations.

47.  GSE denies the allegations contained in Paragraph 47.

48.  GSE admits that WSC has never "granted permission" to KI for use of the simulation software, but GSE denies that KI has ever requested such permission, or has any need to.  GSE admits that KI possesses no simulation software wholly developed by WSC, bearing the name SimPort 2000, or otherwise.  GSE denies the remaining allegations of Paragraph 48.

### The Current Lawsuit

49.  GSE admits that it issued a press release dated August 29, 2002.  The press release speaks for itself.  Except as expressly admitted, GSE denies the allegations of Paragraph 49.

50.  GSE admits that publicly available information concerning the suit filed by KI against WSC and George Utmel was provided to certain individuals.  GSE denies the remaining allegations contained in Paragraph 50.

51.  GSE denies the allegations contained in Paragraph 51.

52.  GSE denies the allegations contained in Paragraph 52.

53.  GSE denies the allegations contained in Paragraph 53.

54.  GSE admits that representatives of KI and GSE attended the industry conference and that KI made a presentation on their

SimPort technology.  GSE denies the remaining allegations contained in Paragraph 54.

    55.  GSE denies that the SimPort mark is the intellectual property of WSC, or that WSC has any other rights therein.  GSE admits the remaining allegations contained in Paragraph 55.

    56.  GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies those allegations.

    57.  GSE denies the allegations contained in Paragraph 57.

    58.  GSE denies the allegations contained in Paragraph 58.

    59.  GSE denies the allegations contained in Paragraph 59.

    60.  GSE denies the allegations contained in Paragraph 60.

    61.  GSE denies the allegations contained in Paragraph 61.

    62.  GSE denies that it has engaged in any tortious conduct.  GSE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 and therefore denies those allegations.

    63.  GSE admits that on February 12, 2003, it legitimately registered the domain names SIMPORT.BIZ, SIMPORT.US AND SIMPORT.NET.

    64.  GSE denies the allegations contained in Paragraph 64.

    65.  GSE denies the allegations contained in Paragraph 65.

### As To Count I

66. GSE incorporates by reference its answers to Paragraphs 1 through 65.

67. GSE denies the allegations contained in Paragraph 67.

68. GSE admits that KI licensed simulation software to GSE in August 2002, and that GSE has made public statements about its rights under the agreement. GSE denies the remaining allegations of Paragraph 68.

69. GSE denies the implication that it needs WSC's "authorization" to use the SimPort name. GSE denies the remaining allegations contained in Paragraph 69.

70. GSE denies the allegations contained in Paragraph 70.

71. GSE denies the allegations contained in Paragraph 71.

72. GSE denies the allegations contained in Paragraph 72.

73. GSE denies the allegations contained in Paragraph 73.

### As To Count II

74. GSE incorporates herein its answers to Paragraphs 1 through 73.

75. GSE denies the allegations contained in Paragraph 75.

76. GSE denies the allegations contained in Paragraph 76.

77. GSE denies the allegations contained in Paragraph 77.

78. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies those allegations.

79. GSE admits that it is not in possession of any software, SimPort 2000 or otherwise, that is owned by WSC. GSE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 79 and therefore denies those allegations.

80. GSE admits that KI agreed to license to GSE simulation software developed by KI and that GSE has made public statements about its rights under the agreement. GSE denies the remaining allegations of Paragraph 80.

81. GSE denies the allegations contained in Paragraph 81.

82. GSE denies the allegations contained in Paragraph 82.

83. GSE denies the allegations contained in Paragraph 83.

84. GSE denies the allegations contained in Paragraph 84.

### As To Count III

85. GSE incorporates herein its answers to Paragraphs 1 through 84.

86. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and therefore denies those allegations.

87. GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and therefore denies those allegations.

88.  GSE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and therefore denies those allegations.

89.  GSE denies the allegations contained in Paragraph 89.

90.  GSE denies the allegations contained in Paragraph 90.

91.  GSE denies the allegations contained in Paragraph 91.

92.  GSE denies the allegations contained in Paragraph 92.

93.  GSE denies the allegations contained in Paragraph 93.

94.  GSE denies the allegations contained in Paragraph 94.

95.  GSE denies the allegations contained in Paragraph 95.

### As To Count IV

96.  GSE incorporates herein its answers to Paragraphs 1 through 95.

97.  The allegations contained in Paragraph 97 are not directed to GSE.  To the extent that such allegations are directed to GSE they are denied.

98.  The allegations contained in Paragraph 98 are not directed to GSE.  To the extent that such allegations are directed to GSE they are denied.

99.  The allegations contained in Paragraph 99 are not directed to GSE.  To the extent that such allegations are directed to GSE they are denied.

100. The allegations contained in Paragraph 100 are not directed to GSE.  To the extent that such allegations are directed

to GSE they are denied.

101. The allegations contained in Paragraph 101 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

102. The allegations contained in Paragraph 102 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

### As To Count V

103. GSE incorporates herein its answers to Paragraphs 1 through 102.

104. The allegations contained in Paragraph 104 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

105. The allegations contained in Paragraph 105 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

106. The allegations contained in Paragraph 106 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

107. The allegations contained in Paragraph 107 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

108. The allegations contained in Paragraph 108 are not directed to GSE. To the extent that such allegations are directed

to GSE they are denied.

## As To Count VI

109. GSE incorporates herein its answers to Paragraphs 1 through 108.

110. GSE denies the allegations contained in Paragraph 110.

111. The allegations contained in Paragraph 111 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

112. The allegations contained in Paragraph 112 are not directed to GSE. To the extent that such allegations are directed to GSE they are denied.

## As To Count VII

113. GSE incorporates herein its answers to Paragraphs 1 through 112.

114. GSE denies the allegations contained in Paragraph 114.

115. GSE admits that on February 12, 2003, it legitimately registered three different domain names: SIMPORT.BIZ, SIMPORT.US AND SIMPORT.NET.

116. GSE denies the allegations contained in Paragraph 116.

117. GSE denies the allegations contained in Paragraph 117.

118. GSE admits that the websites for the domain names "SIMPORT.US", "SIMPORT.BIZ" and "SIMPORT.NET" are not currently constructed. GSE denies the remaining allegations of Paragraph 118.

Except as expressly admitted in this Answer, GSE denies the allegations of the Third Party Claim filed by WSC.

<u>ADDITIONAL AND AFFIRMATIVE DEFENSES</u>

1. The Third-Party Complaint, and each and every Count of the Third Party Complaint, fails to state a claim upon which relief can be granted.

2. The Third-Party Complaint is barred by laches.

3. The Third-Party Complaint is barred by the applicable statute of limitations.

4. The Third-Party Complaint is barred by estoppel.

5. The Third-Party Complaint is barred by waiver.

6. The Third-Party Complaint is barred by release.

7. The Third-Party Complaint is barred by the doctrine of unclean hands.

8. The Third-Party Complaint is barred by fraud and/or illegality.

9. The Third-Party Complaint is barred by WSC's lack of standing/capacity to bring suit on the SimPort name or technology because KI and not WSC is the owner of the SimPort name and technology.

10. The technology and software claimed by WSC, whether referred to as "SimPort 2000" and/or any other reference used, marketed, sold, or licensed by WSC are unauthorized derivatives of KI's simulation technology and/or software which was created by KI

prior to any activities by WSC and/or entities with whom WSC is associated and aligned.

11. The claim for trademark infringement in Counts I and VII of the Third-Party Complaint is barred by WSC's lack of a federal registration on the SimPort mark.

12. Any claim to or interest in the SimPort mark has been abandoned by WSC as a result of the abandonment by those with whom WSC is associated and aligned.

13. Counts I and VII of the Third-Party Complaint are barred because GSE did not use any word, term, name, symbol, or devise, or any combination thereof, owned and/or legally used by WSC.

14. Counts I and VII of the Third-Party Complaint are barred because WSC does not own or otherwise have any legally protectable interest in the SimPort mark.

15. Count I of the Third-Party Complaint is barred because WSC does not own the SimPort technology and/or software.

16. WSC is not entitled to the benefits of any reputation and/or good will connected with the SimPort mark and/or the SimPort technology and software.

17. Counts I and VII of the Third-Party Complaint are barred because WSC has not been damaged and is not likely to be damaged by GSE's legitimate business activities.

18. Count II of the Third-Party Complaint is barred because the business activities of GSE have been and are legitimate and fair competition under the law.

19. Count III of the Third-Party Complaint is barred because WSC has no legally-protectable interest in the potential customers alleged in the Third-Party Complaint.

20. Count III of the Third-Party Complaint is barred because all business activities of GSE have been and are justified.

21. Count III of the Third-Party Complaint is barred because WSC's activities are not lawful.

22. Count III of the Third-Party Complaint is barred because GSE's activities constitute legitimate business competition.

                                    /s/
                            Francis J. Gorman, P.C.
                            Federal Bar No. 00069

                                    /s/
                            Charles L. Simmons Jr. P.C.
                            Federal Bar No. 024278

                                    /s/
                            Michael S. Yang
                            Federal Bar No. 025951

                            GORMAN & WILLIAMS
                            Two North Charles Street
                            Baltimore, Maryland 21201
                            410-528-0600
                            410-528-0602 (facsimile)

                            Attorneys for Third Party
                            Defendant GSE Systems, Inc.

**JURY DEMAND**

Third Party Defendant GSE Systems, Inc. demands trial by jury on all issues so triable.

                                                          /s/
                                        Francis J. Gorman, P.C.
                                        Federal Bar No. 00690

                                                    /s/
                                        Charles L. Simmons Jr. P.C.
                                        Federal Bar No. 024278

                                                    /s/
                                        Michael S. Yang
                                        Federal Bar No. 025951

                                        GORMAN & WILLIAMS
                                        Two North Charles Street
                                        Baltimore, Maryland 21201
                                        410-528-0600
                                        410-528-0602 (facsimile)

                                        Attorneys for Third Party
                                        Defendant GSE Systems, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of December, 2003, a copy of the Answer of GSE Systems, Inc. to the First Amended Third Party Complaint of Western Services Corp. and Demand for Jury was served electronically upon:

```
Bruce R. Genderson, Esq.
Margaret A. Keeley, Esq.
Ann Sagerson, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
Counsel for Western Services
Corporation. and George Utmel
```

and

```
John M.G. Murphy, Esq.
E. Scott Johnson, Esq.
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, MD 21202
(410) 685-1120
Counsel for Russian Research Center
The Kurchatov Institute
```

_____/s/_____
Charles L. Simmons Jr.